FRANÇOIS BOMPART'S ADMINISTRATOR, Respondent, v. JAMES H. LUCAS *et al.*, Appellants.

*Evidence.*—When the plaintiff reads in evidence a portion of an answer of defendant, he must read the whole of a sentence, and not omit that part which qualifies the statement read.

*Appeal from St. Louis Court of Common Pleas.*

A suit upon the same cause of action with the present, will be found reported in 21 Mo. 598. This suit was brought upon a note, payable three years after date, alleged to have been executed by the defendants, and which was in the hands of a third party who refused to deliver it to the plaintiff, although he was the legal owner thereof and entitled to its possession. It appeared that the note had been deposited with H. L. Patterson as an escrow, until a deed should be executed to the defendants, conveying all the interest of the estate of the intestate to a tract of land in possession of and claimed by defendants. The Supreme Court decided, in 21 Mo. 598, that the Probate Court could not authorize the administrator to make a deed by way of compromise of a claim, and that a tender of a deed from him, made by order of court, did not pass the title of the heirs, there being no necessity for selling the land to pay the debts of the intestate. Bompart left as heirs two sons, who, coming of age after the previous decision, executed their deeds to the defendants and made a tender which the defendants refused to accept, alleging that a tender was not made within reasonable time ; and that upon a suit brought and trial had, it had been determined that said Bompart had no title to the land described in the deed ; and that the defendants had repudiated the whole contract.

The court below declared that the note sued upon was due and payable three years after date, or as soon thereafter as a proper conveyance was executed, conveying all the title that the intestate had in his life-time in and to the lands mentioned, and that if the heirs upon attaining their majority had executed and tendered good and sufficient deeds, that was a sub-

stantial compliance with the contract, and then the plaintiff would be entitled to recover.

*Glover* and *Shepley*, for appellants.

*Knox* and *Kellogg*, for respondent.

BATES, Judge, delivered the opinion of the court.

A case between substantially the same parties, and concerning the same subject matter, was decided by this court at the October term, 1855, and is reported in 21 Mo. 598. In the present case, the court below instructed the jury correctly in accordance with that decision. At the trial of this case, the plaintiff offered in evidence a portion of a sentence of the answer of Lucas in the previous case, and refused to read the remainder of the sentence which materially qualified the effect of the portion read, and the court refused to compel him to read the remainder. This was manifestly wrong; and is only equalled by the case of the infidel who undertook to prove from the Scriptures the want of a deity by reading the words " there is no God," and omitting the preceding words, " the fool hath said in his heart." The defendant, however, read the whole answer as a part of his evidence, and we cannot say that any error was committed materially affecting the merits of the action.

The judgment is confirmed, the other judges concurring.