JOHN V. GOSSLER v. M. L. WOOD.

*Action for Money Received as Agent—Trial—Evidence—Error Cured—Appeal—Practice—Pleadings as Evidence—Breach of Trust—Arrest.*

1. Error in disallowing a proposed question is cured where the witness subsequently answers it.

2. Where an exception to an instruction fails to point out the error complained of and nothing prejudicial appears in the instruction, the exception will be overruled.

3. Pleadings *as evidence* are not before the jury and cannot be referred to or commented on, as such, unless they have been introduced like other written evidence.

4. Where a complaint contained several distinct and properly numbered allegations, and the first paragraph of the answer recited "that sections 1, 2, 3, 4 and 5 are admitted," such paragraph was admissible as evidence, when offered by the plaintiff, without the remaining parts of the answer which constituted distinct issues for the jury.

5. The intent with which a breach of trust is committed is immaterial.

6. A defendant in an action for money received or property fraudulently misapplied by him, as agent, may be arrested under the provisions of section 291(2) of *The Code.*

CIVIL ACTION, to recover money alleged to have been received for the plaintiff by the defendant and fraudulently misapplied by the defendant, heard before *Graham, J.,* and a jury, at Spring Term, 1896, of BERTIE Superior Court. There was a verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Mr. F. D. Winston,* for plaintiff.

*Messrs. R. B. Peebles* and *Spier Whitaker,* for defendant (appellant).

FAIRCLOTH, C. J.: The pleadings in this case are complaint, answer and counter-claim, amended answer and amended complaint. The issues are these: 1. Was the plaintiff the owner of the timber described in the complaint? Answered by the jury "Yes." 2. Did the defendant contract with the plaintiff to cut, remove and sell the timber as alleged in the complaint? Yes. 3. Did the defendant cut or remove and sell 101,291 feet of said timber at the price of $5.50 per thousand feet? Yes. 4. Did the defendant fail to account for and pay over to plaintiff the proceeds of said sale of timber, after deducting the sum of $2.50 per 1,000 feet, as alleged in the complaint? Yes. 5. Did the defendant wrongfully take, detain and convert said timber, or the proceeds of the same? Yes. 6. Did the plaintiff contract with the defendant that the defend-

ant should cut and deliver 500,000 feet of cypress timber for the plaintiff? Yes. 7. Did the plaintiff wrongfully prevent the defendant from cutting and delivering said 500,000 feet of cypress timber? No. 8. If so, what damages, if any, has the defendant sustained?

This action is brought to recover $329.66, the net balance due plaintiff on a contract to cut cypress timber trees and sell the same, which contract required the defendant to make return of account of sale and remit balance of proceeds to the plaintiff. The plaintiff alleges that the defendant refused to pay said account, and this is admitted. Plaintiff also alleges that defendant's refusal is a breach of the fiduciary relation and confidence between them by reason of his agency. This is denied. Defendant in his answer avers that at the same time he had a parol agreement with the plaintiff to cut 500,000 feet of cypress timber on agreed terms, and that he was stopped from so doing by plaintiff, after some expenditures, and was damaged $1,000, and alleges this as a counter-claim, and offers this as his excuse for refusing to pay the net balance aforesaid. In his amended answer he denies several of the allegations admitted in his original answer to be true. The case was tried upon the admissions in the pleadings, and the evidence of the parties and the jury found all the issues in favor of the plaintiff.

Pending the action, the plaintiff obtained an order of arrest against defendant, as he was authorized to do under Code, 291, (2) and so held in *Boykin* v. *Maddrey*, 114 N. C., 89. There being no exceptions by either party to the evidence touching the counter-claim, the finding of the jury on the 7th issue cut the counter-claim up by the roots and that is out of the case. His Honor rendered judgment for plaintiff and against the counter-claim, and adjudged that plaintiff is entitled to an execution against the person

of the defendant. All the exceptions were abandoned in this court except the third, 4th, 7th and 9th.

The 4th exception must be overruled for the reason that the question was subsequently answered by the defendant, when he said, "I deposited the money with Harrell by advice of counsel to hold until litigation ended."

The 7th exception was to the charge that if the jury believed the evidence they should answer the second, third and fourth issues "Yes." The original answer admits those facts to be true, but they are denied in the amended answer, and we find nothing in the evidence of the defendant or other witness denying the facts found by the jury on those issues. Exception overruled.

The 9th exception was to this part of the charge: "A conversion consists either in the appropriation of a thing to a party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's rights, or in withholding the possession from the plaintiff under a claim of title inconsistent with his own. If a person entrusted with another's goods places them in the hands of a third person, contrary to orders, it is conversion." The exception fails to point the error, and we see nothing in the charge prejudicial to the defendant. The exception must be overruled.

The third exception is overruled, but it requires more attention. The direct point presented, so far as we can find, has not been before decided or discussed by this court. The plaintiff's complaint contains ten distinct and numbered allegations. The first section of the answer to the complaint, says: "That sections 1, 2, 3, 4 and 5 are admitted." During the trial the plaintiff offered in evidence paragraph 1 of the original answer of the defendant, which appears from the answer in the record. The defendant objected to the introduction of the said paragraph unless

the whole answer was put in.  Objection overruled.  For-
merly, in courts of law and equity, the several parts of the
allegations and answers were usually interlinked and explana-
tory of each other, so that the just rule was to introduce the
whole allegation or answer.  1 Taylor on Evidence, sec. 660
and 663.  An admission in a former trial of the same mat-
ter may be read in evidence in a later trial.  *Grant* v.
*Gooch*, 105 N. C., 278.  Since the adoption of the present
system of practice and procedure, the complaint must con-
tain a plain and concise statement of the facts, and each
material allegation shall be distinctly numbered (Code, sec.
233 (2), and denials in the answer must be equally certain
(Code, sec 245), and the jury must separately determine
the merits of each issue.  In good pleading, facts should
be stated and not the evidence nor the law.  Pleadings *as
evidence* are not before the jury and cannot be referred to
or commented on, as such, in the argument, unless they
have been introduced like other written evidence.  *Smith*
v. *Nimocks*, 94 N. C., 243.

In *Adams* v. *Utley*, 87 N. C., 356, two answers had
been filed and the plaintiff offered the first to the jury as
an admission, without offering the second answer.  This
court held that the plaintiff had the right to read the first
answer without the second.  This was approved in *Guy*
v. *Manuel*, 89 N. C., 83, and several later cases.  But
these do not quite fit the present question.

In *McDonald* v. *McDonald*, 16 Vt., 634, Redfield, J.,
speaking for the court, said: "In general, the orator may
read any portion of the defendant's answer as evidence,
without making any other portion of the same evidence in
favor of the defendant.  It is said in some of the cases
that the orator has no right to select parts of sentences,
but must take the entire sentence.  This may be true, if,
by taking parts of a sentence, the sense is perverted or

GOSSLER *v.* WOOD.

rendered uncertain; but beyond that, I do not think the rule can be made of such significance."

In *Bomport* v. *Lucas*, 32 Mo., 123, it was held that where the plaintiff reads in evidence a portion of an answer of defendant he must read the whole of the sentence, and not admit that part which qualifies the statement read, and said that a contrary rule would be "only equalled by the case of the infidel, who undertook to prove from the Scriptures the want of a Diety by reading the words "there is no God," and omitting the preceding words, "The fool hath said in his heart."

We are of opinion that the plaintiff, upon the facts, had a right to introduce the admissions in the first five allegations of the answer, without the others. The allegations 1, 2, 3, 4 and 5, admitted, and the remaining ones do not blend, or explain the other, but constitute distinct issues for the jury.

The defendant deposited the money with Harrell, to whom he was indebted over $300, and refused to account, and set up a counter claim. He insists that he did so in good faith and ought not to be held to have committed any breach of trust. Unfortunately, he had no cause for a counter-claim, and the intent with which a breach of trust is committed is immaterial, as explained in *Boykin* v. *Muddrey*, 114 N. C., 89. Judgment affirmed.

DOUGLAS, J., dissenting.