BRIDGEPORT ORGAN COMPANY v. GEORGE H. SNYDER.

(Filed 1 April, 1908).

1. Principal and Agent—Conversion—Evidence—Verdict Directing.
    In an action for the defendant's wrongful and fraudulent conversion to his own use of notes, liens, accounts and cash collections of the plaintiff as its agent, it was error for the court below to direct a verdict upon the issue in defendant's favor, under evidence tending to show that defendant was plaintiff's agent and had organs in his hands for sale for it, and also for collection its notes and mortgages, and refused to account for them when repeatedly requested to do so.

2. Same—Intent.
    The question of intent is not material in a civil action brought by the principal against his agent for wrongful and fraudulent conversion.   Evidence of such breach of trust is sufficient.

ACTION tried before *Jones, J.,* and a jury, at October Term, 1907, of CUMBERLAND.

The following issues were submitted to the jury: .

"1. Did the defendant wrongfully and fraudulently convert to his own use the notes, liens, accounts and cash collections of the plaintiff, as alleged?"   Answer: "No."

"2. What damage has the plaintiff sustained?"   Answer: "Four hundred and fifty-eight dollars and fifty-one cents, with interest from 17 September, 1906."

The court rendered judgment in favor of plaintiff and against defendant for $458.51, with interest from 18 September, 1906.   The plaintiff appealed.

*Q. K. Nimocks* for plaintiff.

No counsel for defendant.

BROWN, J. The plaintiff resorted to the ancillary proceeding of arrest and bail, and in order to entitle him to execution against the person it was encumbent upon it to secure an affirmative answer to the first issue. His Honor instructed the jury that there was no evidence of a fraudulent conversion and directed them to answer the first issue "No," to which plaintiff excepted. We think the court erred in withdrawing the first issue from the consideration of the jury by directing them to answer it "No." He should have submitted the issue to them with appropriate instruction, for we think there is evidence tending to prove a fraudulent detention and conversion of the plaintiff's property by the defendant. The evidence tends to prove that defendant was the agent of plaintiff and had in his hands for sale for plaintiff a number of organs, and also had in his possession for collection notes and mortgages belonging to plaintiff. The evidence tends to prove that he has refused and failed to account to plaintiff for the property or the proceeds thereof, although such accounting has been repeatedly demanded.

The fact that the defendant detains the property and refuses to deliver it to the plaintiff, who he admits is the true owner, is evidence of a breach of trust and of a wrongful and fraudulent conversion. In a civil action for the wrongful and fraudulent conversion of property by an agent the question of intent is not material. If such conversion took place the plaintiff is entitled to his remedy. The intent does not enter into it. "Good intentions," says *Mr. Justice Burwell,* "do not at all lessen the wrongfulness of a breach of trust; or, rather, the law will not allow one to say that he violated its plain precepts with good intentions." *Boykin v. Maddrey,* 114 N. C., 100; *Fertilizer Co. v. Little,* 118 N. C., 817; *Gossler v. Wood,* 120 N. C., 70.

New Trial.