J. B. FORSYTH v. THE ZEBULON COTTON OIL MILL COMPANY.

(Filed 5 November, 1914.)

1. Trials—Verdict, Directing—Evidence.

A verdict cannot be directed in favor of a plaintiff where the evidence is conflicting and therefrom the jury may find contrary to the plaintiff's contention, or where there is evidence which will justify them in drawing an inference in defendant's favor.

2. Master and Servant—Safe Place to Work—Negligence—Trials—Evidence —Questions for Jury.

Negligence is necessarily a relative term, depending upon the circumstances of each particular case, and the courts will not decide, as a matter of law, the question of negligence, where from the evidence the jury are justified in reaching a conclusion in favor of either the plaintiff or defendant; and where a plaintiff was an employee in the cotton-seed room of a defendant mill, to put cotton seed in a seed conveyor, where he had

worked for several weeks, and there is evidence tending to show that the conditions were such that the seed were necessarily piled high in this room for the purposes of storing and feeding the conveyor.; that at the time of the injury these seed were piled so high that in leaving his work the plaintiff crawled between the end of the shafting, in operation, and the side of the house, and thus was injured by coming in contact with the shafting; and also evidence that there was another way out which the plaintiff could have safely taken: it is *Held*, it was for the jury to determine, as an issue of fact, whether the plaintiff was injured by the negligent failure of the defendant to provide him a safe way to leave his work.

APPEAL by plaintiff from *O. H. Allen, J.*, at April Term, 1914, of WAKE.

This was a civil action, tried upon the following issues:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Did the plaintiff assume the risk of being injured while in the employ of the defendant? Answer: ____

3. Did the plaintiff, by his own negligence, contribute to his injury? Answer: ____

4. What damage did the plaintiff sustain by reason of the injury? Answer: ____

The plaintiff moved for a new trial. The motion was refused. The plaintiff excepted and appealed from the judgment rendered.

*Manning & Kitchin and J. C. L. Harris for plaintiff.*
*James H. Pou for defendant.*

BROWN, J. The plaintiff sues to recover damages for an injury sustained by him while in the employ of the defendant, alleged to have been caused by its negligence. There are no exceptions to the evidence taken and none to the charge of the judge upon the several issues. The plaintiff rests his whole case upon the refusal of his Honor to give this special instruction, towit: "If you believe the evidence, you will answer the first issue 'Yes.'" Evidently all of the other special instructions prayed for by the plaintiff were given, or were fully covered by the charge of the court. As the plaintiff noted no exception to the charge, we assume that his Honor charged the jury with his usual fullness and care on all the issues and upon every phase of the case presented by the evidence.

The learned counsel for the plaintiff frankly admits that the form of the prayer is faulty, and in his brief says: "We trust this will be waived by the Court in the interest of justice." As we are of opinion that his Honor properly refused to give the instruction, without regard to its form, we are not disposed to criticise its verbiage. It is well settled that the court cannot direct a nonsuit and give judgment in favor of a defend-

ant on whom no burden rests, when there is more than a scintilla of évi-
dence tending to prove plaintiff's contention, or when there is evidence
from which a reasonable person might draw a deduction sustaining the
plaintiff's contention.

The converse of this rule is true, and for a stronger reason a verdict
can never be directed in favor of a plaintiff when there is any evidence
from which the jury may find contrary to the plaintiff's contention, or
where there is evidence which will justify an inference contrary to such
contention. *Cotton v. R. R.,* 149 N. C., 229; *Deppe v. R. R.,* 152
N. C., 79.

The evidence tends to prove that the plaintiff was employed in the
cotton-seed room of the defendant to put cotton seed in the seed con-
veyor, in which position the plaintiff had been working for several weeks.
The room in which the conveyor was operated was a large room with a
revolving shaft above, which operated the machinery. The room was
usually filled with cotton seed, piled up high. The evidence shows that
this was necessary in the operation of the defendant's business, for the
purpose not only of storing the cotton seed, but of feeding the conveyor.

At the time of the injury the cotton seed was piled up in the room so
that the plaintiff, after work hours, crawled on his all-fours between the
end of the shafting and the side of the house, and, coming in contact
with the shafting, was injured. The alleged negligence consisted in the
failure of the defendant to provide a reasonably safe way for the plain-
tiff to get out of the building without climbing over the cotton seed near
the revolving shaft in the manner in which he did.

There is evidence tending to prove that there was a way provided for
the plaintiff and other employees to get out, and that it was possible for
them to go from the place where plaintiff was working and cross over to
the other side of the building, across the cotton seed, and in that way
avoid the shafting and get to the door.

There is other evidence tending to prove that the plaintiff, with a few
minutes work with a shovel, could very easily have shoveled aside the
cotton seed and thus made his way to the door.

We are not prepared to say that the defendant was not guilty of neg-
ligence; nor are we prepared to say that, in any view of the evidence in
this case, the defendant was guilty of negligence, and that his Honor
should have given the instruction asked. It is very difficult, in the char-
acter of business that this defendant was conducting, to keep a way open
through such a commodity as cotton seed; but there is some evidence in
this case that there was a way out, by which the plaintiff could reach
the door with very little trouble by going around the pile of cotton seed,
and we think it was fairly a question for the jury to determine from all

this evidence whether the defendant had failed to observe that reasonable care and precaution which the circumstances demanded in providing an exit from the cotton-seed room.

Negligence is necessarily a relative term, and depends upon the circumstances of each particular case. What might be negligence under some circumstances at some time or in some place may not be negligence under other circumstances or at any other time and place. All the surroundings or attendant circumstances must be taken into account if the question involved is one of negligence.

It is difficult to say as a matter of law, from all the evidence in this case, that the defendant failed to perform its duty to exercise reasonable care to protect the plaintiff from injury. From the very nature of the business, it must be impracticable at all times to provide the nearest, easiest, and most convenient method of exit from the cotton-seed room of an oil mill.

Taking all the circumstances into consideration, we think his Honor very properly left the question to be determined by the jury as to whether the defendant had provided, under all the circumstances, a reasonably safe and convenient exit for its employees. As his charge is not excepted to, we assume that in putting this matter before the jury the plaintiff had no grounds of complaint.

We have discussed this matter exclusively upon the question of negligence of the defendant, without regard to the contributory negligence of the plaintiff.

For the reasons given, we think his Honor very properly refused the instruction asked.

No error.