E. D. J. DOYLE v. CHARLES W. BUSH.

(Filed 15 September, 1915.)

**1. Execution—Execution Against Person.**

An execution against the person can issue only when the facts alleged entitling the plaintiff thereto have been passed upon and enters into the judgment.

**2. Tenancy in Common—Conversion of Personalty.**

A tenant in common of a chattel cannot maintain an action of trover against his cotenant merely on the ground that his demand for the possession of the common property has been refused by the latter, unless he can show the cotenant had subsequently consumed it or placed it beyond recovery by legal process.

**3. Tenancy in Common—Conversion of Personalty.**

Where a tenant in common in possession of chattels withholds them from his cotenant, or takes them from him, exercising dominion thereover, either in direct denial of or inconsistent with the latter's rights, trover will lie for the conversion.

**4. Execution—Execution Against Person—Statutes.**

Under Revisal 1905, sec. 625, providing that an execution may issue against the person if the action be one in which the defendant might have been arrested, and section 727, subsec. 1, providing that a defendant may be arrested when the action is for wrongfully taking, detaining, or converting personal property, where defendant cotenant of a race horse converted it by selling the horse while in his (defendant's) possession, such defendant was subject to execution against the person.

**5. Tenancy in Common—Conversion by Cotenant—Defense—Ratification of Sale of Chattel.**

Where plaintiff, cotenant of a horse, ratified an unauthorized sale thereof by defendant cotenant, such ratification did not preclude plaintiff from recovery for the wrongful conversion of the proceeds of the sale.

APPEAL by plaintiff from *Justice, J.,* at January Term, 1915, of PASQUOTANK.

Plaintiff appeals.

This is an action to recover $600 for the wrongful conversion of a horse or for the wrongful conversion of the proceeds of the sale of the horse.

Evidence was introduced by plaintiff tending to show that plaintiff and defendant bought a race horse together; that as a part of their contract with each other the plaintiff paid $100 on the purchase price of the horse, and the balance of the purchase money, to wit, $300, was to be paid out of the earnings of the horse in racing; that the horse was raced by the defendant, and enough received to pay the balance of the purchase money; that the horse was in possession of the defendant; that afterwards the defendant sold the horse for $1,200, without consulting plaintiff, and when plaintiff afterwards heard of the sale and wrote defendant concerning it, defendant answered that he had received from the sale $400. Defendant refused to pay plaintiff any part of the money for which the horse was sold, claiming that they were not tenants in common in the horse, and converted the same to his own use.

The plaintiff tendered the following issue: "Has the defendant wrongfully and fraudulently converted to his own use the proceeds arising from the sale of the horse Farmer Gentry?"

The court refused to submit this issue, and plaintiff excepted. The jury returned the following verdict:

1. Were the plaintiff Doyle and the defendant Bush tenants in common in equal interest of the horse Farmer Gentry? Answer: "Yes."

2. For what sum did the defendant sell the horse Farmer Gentry? Answer: "$1,200."

3. In what sum, if any, is the defendant indebted to the plaintiff? Answer: "$600, with no interest."

4. What sum, if anything, is the defendant entitled to recover against plaintiff by reason of his counterclaim? Answer: "Nothing."

Judgment was entered in accordance with the verdict, and the plaintiff appealed.

*Aydlett & Simpson and W. A. Worth for plaintiff.*
*Ward & Thompson for defendant.*

ALLEN, J. It was decided in *Ledford v. Emerson,* 143 N. C., 527, that an execution against the person cannot issue simply because of allegations in the complaint, and that the facts alleged entitling the plaintiff to such an execution must be passed upon and must enter

into the judgment. It is therefore apparent that the issue tendered by the plaintiff is material, and that the refusal to submit it is a denial of a substantial right if the pleadings raised the issue, and an examination of the complaint discloses that a fraudulent and wrongful conversion of the horse referred to in the evidence and of the proceeds of the sale of the horse is alleged. Two questions are, then, involved in the appeal:

1. Can one tenant in common maintain an action against his cotenant for a wrongful conversion of the property belonging to them?

2. If so, is a cause of action for the wrongful conversion of personal property one in which an execution against the person may issue?

The first question is determined by the case of *Waller v. Bowling,* 108 N. C., 294, in which the Court says: "A tenant in common of a chattel cannot maintain an action of or in the nature of trover against his cotenant upon the ground merely that his demand for possession of the common property has been refused by the latter, unless he can show that the cotenant had subsequently consumed it or placed it beyond recovery by means of legal process. *Newby v. Harrell,* 99 N. C., 149; *Pitt v. Petway,* 34 N. C., 69; *Lucas v. Wasson,* 14 N. C., 398; Cooley on Torts, 455; *Ripley v. Davis,* 15 Mich., 75, 90 Am. Dec., 262. But where the tenant in possession of personal chattels withholds the common property from his cotenant, or wrests it from him and exercises a dominion over it, either in direct denial of or inconsistent with the rights of the latter, an action will lie for conversion. *Shearin v. Riggsbee,* 97 N. C., 221; 2 Greenleaf, par. 642; *University v. Bank,* 96 N. C., 284; Cooley on Torts, *supra;* 2 Greenleaf Ev., 636a; *Grove v. Wise,* 39 Mich., 161."

This case is also reported in 12 L. R. A., 265, and in the note many authorities are collected which show that this is the general rule. The same principle was also applied in the later case of *Ledford v. Emerson,* 140 N. C., 288, upon facts similar in many respects to those in the record before us.

The other question presents no difficulty, because it is provided by section 625 of the Revisal that an execution may issue against the person "if the action be one in which the defendant might have been arrested," and by Revisal, sec. 727, subsec. 1, that the defendant may be arrested when the action is "for injuring, or for wrongfully taking, detaining, or converting property, real or personal."

If it be said that the plaintiff cannot recover for a wrongful conversion of the horse, upon the ground that he has ratified the sale, this does not preclude a recovery for the wrongful conversion of the proceeds of the sale, which the defendant received for himself and the plaintiff. *Organ Co. v. Snyder,* 147 N. C., 271.

We are, therefore, of opinion that it was error to refuse to submit the issue tendered by the plaintiff.

The judgment will be set aside, with directions to submit an issue or issues involving the question of fraudulent and wrongful conversion in addition to the issues already determined by the jury.

Partial new trial.