COOPER GUANO COMPANY v. R. B. SOUTHERLAND ET AL.

(Filed 20 March, 1918.)

1. **Trusts — Partnership — Misappropriation of Funds — Evidence — Prima Facie Case—Burden of Proof.**

   A member of a partnership is presumed to have peculiar knowledge of the dealings of his firm, and upon the findings of the jury by the greater weight of the evidence that the defendant firm received goods as the plaintiff's agent in trust to hold the proceeds of resale to the payment of his debt, and that other of the firm's debts had been paid therewith, a prima facie case is made, and the burden of proof by the greater weight of the evidence is shifted to one of the firm claiming that this was done without his knowledge or consent, to show it.

2. **Arrest and Bail—Trusts.**

   Arrest and bail will lie for a wrongful conversion of trust funds.

3. **Appeal and Error—Trust Funds—Misappropriation—Verdict.**

   As to whether it is material for a member of the firm to have knowledge of a wrongful conversion by the other of property held in trust by the firm, *Quære?* But the question does not arise on appeal when it has been established on the trial that the defendant did willfully and knowingly misappropriate the trust property, etc.

CIVIL ACTION, tried before *Stacy, J.,* at August Term, 1917, of DUPLIN, upon these issues:

1. What amount, if any, have the defendants paid on notes sued upon? Answer: "$679.45."

2. Did said R. B. Southerland knowingly and willfully misappropiate and misapply $563.57 worth, or any amount of said Cooper Guano Company's goods to his own use, or to the use of Wallace Southerland Company, by taking same to pay rent due M. McD. Williams? If so, what amount? Answer: "Yes, $563.57."

3. Did R. B. Southerland knowingly and willfully misappropriate and misapply and convert to his own use, or to the use of Wallace Southerland Company $76 worth, or any amount, of Cooper Guano Company's goods by using same in settling debts due by firm of Wallace Southerland Company to T. W. Smith? If so, what amount? Answer: "$76."

4. Did R. B. Southerland knowingly and willfully misappropriate, misapply and convert to his own use, or to the use of Wallace-Southerland Company $30 worth, or any amount, of Cooper Guano Company's goods by using same to settle debt due by the firm of Wallace Southerland Company to C. T. Southerland? If so, what amount? Answer: "Yes, $30."

Judgment of nonsuit was rendered against defendant Effie Southerland. Judgment was rendered against defendant R. B. Southerland for $597.77, with interest from 1 May, 1912. The judgment contained the following adjudication:

"It is now, on motion of plaintiff's counsel, considered and adjudged upon the complaint and the answer and the findings of fact by the referee and the verdict of the jury all being considered by the court, that the said defendant R. B. Southerland wrongfully, knowingly, and willfully misappropriated, misapplied and converted to his own use the amounts hereinbefore set out.

"And it further appearing to the satisfaction of the court that the facts stated in the complaint necessarily import liability to arrest, and that the cause of action stated in the complaint and the cause of arrest are identical."

Defendant appealed.

*Gavin and Wallace for plaintiff.*
*Stevens and Beasley for defendant.*

BROWN, J. The facts are that the defendant is the surviving partner of Wallace Southerland & Co., a firm doing business at Faison, N. C. Wallace Southerland died in August, 1912. Early in 1912 plaintiff entered into a contract with said firm for the sale of fertilizer. A paper-writing was executed by which said firm became the agents of plaintiff. Under that contract plaintiff shipped to the firm a large quantity of fertilizers. The contract contained this provision:

"And it is further agreed that all fertilizers shipped to you, as well as all notes, accounts, cash, and other proceeds from the sale of said fertilizers, which may at any time be in your possession, or in the possession of any representative, are our property, to be held by you as our agent in trust for the payment of your obligations to us."

A settlement was had on 1 May, 1912, and the firm gave its notes to plaintiff as evidence of balance due. The firm turned over to plaintiff the accounts for fertilizer sold Williams, Smith, and C. T. Southerland. It afterwards was ascertained that these accounts were not owing by the parties, that the firm owed said parties and had used plaintiff's fertilizer in paying them, as was found by the jury.

Although the two unpaid notes are set out in the complaint as evidence of the balance due plaintiff, the action is substantially one for the wrongful conversion of the property of plaintiff as the complaint contains all the averments appropriate in such action.

In his argument in this Court counsel for defendant stated that the only point before us related to the sufficiency of the evidence as to the knowledge of such misappropriation by this defendant, it being contended that the illegal use of the fertilizer in applying it to debts of the partnership was the act of Wallace Southerland, the deceased copartner.

The point is practically presented by exception to the following instruction to the jury:

"If you find as a fact that there was a misappropriation, and that it was due willfully and knowingly by one partner, then the law presumes that the other partner knew it, and casts upon that other partner the burden of going forward and showing to the jury by the greater weight of the evidence that he did not know it. The burden, however, rests with the plaintiff to satisfy you, and that by the greater weight of the evidence, that there was a misappropriation of its property, and that the party who misappropriated it did it willfully and knowingly, and if you find those facts from this evidence, and you are satisfied by its greater weight, the law steps in and helps the plaintiff by saying the other partner is presumed to know it, then the other man, in order to exculpate himself, must come forward and show to your satisfaction that he did not know about it. It is a question for you under this evidence whether or not R. B. Southerland knowingly and willfully misappropriated any part of the funds used in paying the rent to M. McD. Williams, if you find any was misappropriated in that way."

In discussing this exception, it must be remembered that this is not an indictment for embezzlement, where the burden of proof is upon the State to satisfy the jury beyond a reasonable doubt of defendant's guilt, but that it is a civil action for damages for a breach of trust,

where the intent of the defendant is immaterial. *Gassler v. Wood,* 120 N. C., 69; *Grocery Co. v. Davis,* 132 N. C., 98.

That the contract entered into between defendant and plaintiff created the defendant a trustee and agent for plaintiff and subject to the ancillary proceeding of arrest and bail for a wrongful conversion of the trust property has also been decided. *Boykin v. Maddry,* 114 N. C., 101; *Powers v. Davenport,* 101 N. C., 286; *Guano Co. v. Bryan,* 118 N. C., 576.

When the plaintiff offered evidence establishing the written contract and that the fertilizers were delivered to defendant's firm in pursuance of the same, and that the defendant's firm had, upon demand, failed to account for the fertilizer, but had appropriated a part of it to the payment of the firm's debts, a prima facie case was made out and the burden of proof shifted to the defendant to satisfy the jury that his firm had accounted fully for the fertilizer, or if it had been applied to the payment of the firm's debts that it was done without his knowledge or consent.

This latter fact is not within the knowledge of plaintiff and is not well susceptible of proof by it, but is peculiarly within the knowledge of the defendant. As a partner in the business, he is presumed to have an intimate knowledge of the firm's business. He is presumed to know what property, if any, the firm holds in trust or as agent for another, and what disposition is made of it. Also, what debts the firm owes and how they were paid.

If the firm's debts are discharged by using trust funds or other trust property in their payment, the law presumes that each partner is cognizant of it and if one seeks exoneration and denies complicity, the burden is on such partner to exculpate himself. We are of opinion that the charge of the court was free from error.

This is practically an action in tort, and it has been held that whenever a firm is answerable for the tort of any member, the liability of the partners is joint and several and therefore not dependent upon personal complicity. 30 Cyc., 535. If that be so, then it would be immaterial whether this defendant had knowledge of the wrongful conversion of the trust property by his copartner or not. But as the jury have found that defendant did *willfully and knowingly* misappropriate the trust property, the point does not arise and we will not decide it.

No error.