EAST COAST FERTILIZER COMPANY, INC., v. NORMAN F. HARDEE.

(Filed 9 June, 1937.)

1. **Appeal and Error § 24—**

   An assignment of error which is not supported by an exception appearing of record will not be considered on appeal.

2. **Execution § 25—Verdict establishing conversion of plaintiff's property is sufficient to support judgment for execution against the person.**

   An affirmative answer to an issue establishing that defendant had retained and converted to his own use, in violation of the terms of the contract of assignment with plaintiff, property belonging to plaintiff, is sufficient to support a judgment that execution against the person of defendant issue upon application of plaintiff upon return of execution against the property unsatisfied, intent of defendant in doing the acts constituting a breach of trust being immaterial, and a specific finding of fraud being unnecessary. C. S., 673.

3. **Trial § 27—Ordinarily verdict may not be directed in favor of party having burden of proof.**

   A directed verdict may not be given in favor of plaintiff having the burden of proof on the issue unless there is no evidence from which the

jury could find or which would justify an inference contrary to plaintiff's contention, and evidence in this action *is held* insufficient to support a directed verdict in plaintiff's favor on the issue of defendant's wrongful conversion of plaintiff's property.

DEVIN, J., concurring.

CLARKSON, J., concurs in concurring opinion.

APPEAL by defendant from *Grady, J.,* at February Term, 1937, of NEW HANOVER. New trial.

This is an action to recover the balance due on an accounting for commercial fertilizers which were delivered by plaintiff to the defendant, as its agent, under and pursuant to the terms and provisions of a contract in writing which was entered into by and between plaintiff and defendant prior to the delivery of said fertilizers.

The action was begun in the Superior Court of New Hanover County on 27 September, 1934.

It is alleged in the complaint that during the year 1934 the plaintiff delivered to the defendant, as its agent, under and pursuant to the terms and provisions of a contract in writing which the plaintiff and the defendant entered into on 29 January, 1934, a copy of which is attached to the complaint, as Exhibit A, commercial fertilizers of the value of $9,409.57, and that thereafter the defendant paid to the plaintiff on account of said fertilizers the sum of $8,501.99, which sum has been duly credited to the defendant's account with the plaintiff, leaving a balance due by the defendant to the plaintiff of $907.58.

It is further alleged in the complaint:

"6. That plaintiff has demanded of the defendant an accounting for the fertilizers delivered to him by the plaintiff, and the payment by the defendant to the plaintiff of the balance due on account of said fertilizers, but that the defendant has failed and refused, and still fails and refuses, to account to the plaintiff for the said fertilizers.

"7. That plaintiff is informed, believes, and alleges that the defendant has sold said fertilizers to parties unknown to the plaintiff, and has wrongfully, unlawfully, and fraudulently misappropriated and converted the proceeds arising therefrom to his own use, with the intent and purpose on his part to cheat and defraud the plaintiff of its property."

The allegations of the complaint are denied in the answer.

At February Term, 1935, of the court, with the consent of the plaintiff and defendant, the action was referred by the judge presiding to a referee for trial.

The referee filed his report prior to or at the May Term, 1935, of the court. No exceptions having been filed thereto, the report of the referee was approved by the court. Judgment was accordingly rendered that plaintiff recover of the defendant the sum of $907.58, with interest from

27 September, 1934, and the costs of the action. It was ordered by the court that "the issue of fraud arising on the pleadings be and the same is retained on the civil issue docket to be submitted to a jury at a subsequent term of the Superior Court of New Hanover County."

Pursuant to said order, at February Term, 1937, of the Superior Court of New Hanover County (see *East Coast Fertilizer Company v. Hardee, ante,* 56, 188 S. E., 623), an issue as follows was submitted to a jury:

"Did the defendant retain and convert to his own use, in violation of the terms of his contract of consignment with the plaintiff, any property belonging to the plaintiff; and if so, in what amount?"

At the trial of said issue, the plaintiff offered in evidence the following:

(a) The contract between the plaintiff and the defendant, a copy of which is attached to the original complaint filed in this action.

(b) The report of the referee, containing his findings of fact and conclusions of law, as set out therein.

(c) The judgment entered in the action at May Term, 1935, of the court.

After it had offered the foregoing evidence and had rested its case, and before the defendant had offered evidence, the plaintiff moved the court to instruct the jury peremptorily to answer the issue "Yes; $907.58, with interest from 27 September, 1934." The motion was allowed.

In accordance with the peremptory instruction, the jury answered the issue as directed by the court. In apt time, the defendant excepted to the peremptory instruction of the court to the jury.

It was thereupon considered, ordered, and adjudged by the court "that the plaintiff recover of the defendant the sum of $907.58, with interest thereon from 27 September, 1934, and the costs of the action, to be taxed by the clerk of the court, and that execution therefor shall be issued by the clerk of the court, upon the application of the plaintiff, and that if the said execution shall be returned by the officer to whom it is issued, unsatisfied, then and in that event the plaintiff shall have execution against the person of the defendant for the amount of the judgment, in conformity with law, commanding the sheriff to take the person of the defendant into his possession and control, until the amount of judgment, with interest and costs, is paid, or until the defendant is discharged in conformity with the laws of North Carolina."

The defendant appealed to the Supreme Court, assigning errors in the trial and in the judgment.

*Hackler & Allen and E. K. Bryan for plaintiff.*
*S. H. Newberry for defendant.*

CONNOR, J. At the trial of this action, the defendant did not object to the issue submitted by the court to the jury. His assignment of error on his appeal to this Court, with respect to the issue, is not supported by an exception appearing in the case on appeal, and for that reason cannot be considered on this appeal. See *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299, and cases cited in the opinion in that case by *Stacy, C. J.*

An affirmative answer to the issue was sufficient to support the judgment and the order contained therein that upon the return of an execution on the judgment unsatisfied, an execution against the person of the defendant should be issued upon the application of the plaintiff for such execution. If the defendant retained and converted to his own use property which the plaintiff had delivered to him as its agent, and failed to account for such property in accordance with his contract with the plaintiff, it is immaterial whether or not he did so with intent to cheat and defraud the plaintiff. In such case, the defendant was guilty of a breach of trust, and plaintiff is entitled to an execution against his person on the judgment which plaintiff has recovered of the defendant in this action. C. S., 673.

In *Organ Co. v. Snyder,* 147 N. C., 271, 61 S. E., 51, it is said: "The fact that the defendant detains the property and refuses to deliver it to the plaintiff, who he admits is the true owner, is evidence of a breach of trust and of a wrongful and fraudulent conversion. In a civil action for the wrongful and fraudulent conversion of property by an agent the question of intent is not material. If such conversion took place, the plaintiff is entitled to his remedy. The intent does not enter into it. 'Good intentions,' says *Mr. Justice Burwell,* 'do not at all lessen the wrongfulness of a breach of trust; or, rather, the law will not allow one to say that he violated its plain precepts with good intentions.' *Boykin v. Maddrey,* 114 N. C., 90; *Fertilizer Co. v. Little,* 118 N. C., 808; *Gossler v. Wood,* 120 N. C., 69; *Doyle v. Bush,* 171 N. C., 10." See, also, *Guano Co. v. Southerland,* 175 N. C., 228, 95 S. E., 364.

There is no error in the judgment in the instant case, and the same must be affirmed, unless there was error in the trial.

The burden on the issue submitted to the jury was on the plaintiff. It was therefore error for the court to instruct the jury peremptorily and thereby direct an affirmative answer to the issue. In *Phillips v. Giles,* 175 N. C., 409, 95 S. E., 772, it is said:

"It is a fixed principle in our system of procedure, both by statute and approved precedents, that a judge in charging a jury shall not give an opinion whether a fact is fully or sufficiently proven, 'such matter being the true office and province of the jury,' and it has been held with us in many well considered cases that the inhibition extends not only to the ultimate facts, but to all essential inferences of fact arising from the testimony and upon which the ultimate facts necessarily depend. This

principle, recognized by the Court in *Bank v. Pugh,* 8 N. C., 198, has been again and again approved in our cases. *Forsyth v. Oil Mill,* 167 N. C., 179; *S. v. R. R.,* 149 N. C., 508-512; *S. v. Daniels,* 134 N. C., 671. In the *Forsyth case, supra,* the correct principle is stated by *Brown, J.,* as follows: 'The converse of the rule is true and for a stronger reason a verdict can never be directed in favor of a plaintiff when there is any evidence from which the jury may find contrary to the plaintiff's contention, or when there is evidence that will justify an inference to the contrary of such contention."

For the error of the court in instructing the jury peremptorily to answer the issue in the affirmative, the defendant is entitled to a new trial. It is so ordered.

New trial.

DEVIN, J., concurs in the result, but is of opinion that appellant's assignment of error as to the judgment should have been sustained upon the ground that the portion of the judgment which authorized execution against the person was predicated upon an issue which was not in accord with the language of the previous judgment in the cause requiring that the "issue of fraud arising on the pleadings be submitted to a jury." The complaint alleged a fraudulent misappropriation and conversion of property, and in the decision of this case on a former appeal it was adjudged that the plaintiff was entitled to "trial by jury of the issue of fraud arising on the pleadings."

In *Ledford v. Emerson,* 143 N. C., 527, it was said: "The Constitution provides 'there shall be no imprisonment for debt in this State, except in cases of fraud.' Art. I, sec. 16. This, we think, clearly means that there shall at least be no imprisonment to enforce the payment of a debt under final process, unless it has been adjudged, upon an allegation duly made in the complaint and a corresponding issue found by a jury, that there has been fraud. . . . There should be a separate and distinct issue submitted to the jury as to any fraud alleged. . . . The constitutional right of trial by jury shields the defendant from arrest under an execution against his person, unless in actions of debt an issue of fraud has been found against him and a judgment entered in conformity therewith."

In *Doyle v. Bush,* 171 N. C., 10 (citing *Ledford v. Emerson, supra),* it was held that the refusal to submit the issue of fraudulent conversion was the denial of a substantial right, if the pleadings raised the issue.

In *Organ Co. v. Snyder,* 147 N. C., 271, the issue was: "Did the defendant wrongfully and fraudulently convert to his own use property of plaintiff?" The trial judge instructed the jury to answer the issue "No." This Court, in awarding a new trial, said: "The plaintiff resorted to the ancillary proceedings of arrest and bail, and in order to

entitle him to execution against the person it was incumbent upon it to secure an affirmative answer to the first issue."

In *Guano Co. v. Southerland,* 175 N. C., 228, the issue was: "Did the defendant knowingly and willfully misappropriate and misapply" the property of the plaintiff? In *Boykin v. Maddrey,* 114 N. C., 90, the issue was: "Have the defendants embezzled and fraudulently appropriated to their own use" property of plaintiffs?

While it has been held that in an action for fraudulent conversion the question of intent is not material when a breach of trust is established (*Organ Co. v. Snyder,* 147 N. C., 271; *Gossler v. Wood,* 120 N. C., 69; and *Fertilizer Co. v. Little,* 118 N. C., 808), in the instant case, in the light of the fact that the allegation of fraudulent conversion in the complaint, denied in the answer, raised an issue of fraud which the court had adjudged should be submitted to the jury, in my opinion the judgment improperly authorized the imprisonment of the defendant upon an affirmative answer to the issue submitted, "Did the defendant retain and convert to his own use in violation of the terms of his contract of consignment with the plaintiff" property of plaintiff?

I am authorized to say that MR. JUSTICE CLARKSON joins in this opinion.