THOMAS L. HAINES v. W. PERMAN CLARK.

(Filed 19 October, 1949.)

**Brokers § 12—**

Where the principal denies that he made any contract with plaintiff broker for the sale of lumber and denies he had received any orders through plaintiff, the burden is on plaintiff not only to prove the brokerage contract but to prove each order upon which he asserts his right to commission, G.S. 8-45 not being applicable, and it is error for the court to charge on the issue of damages that there was no controversy as to the amount and that if the jury should find the plaintiff's evidence to be true to answer that issue in the sum demanded by plaintiff. G.S. 1-180.

APPEAL by defendant from *Rousseau, J.,* at May Term, 1949, of CALDWELL. New trial.

Plaintiff, a lumber broker, alleged that the defendant, a sawmill operator, contracted to ship lumber on orders secured by plaintiff on which plaintiff was to receive a commission to be paid by defendant; that the prices for different grades of lumber were agreed upon; that plaintiff secured orders from several responsible purchasers and gave defendant detailed shipping directions for twenty cars of lumber, but that defendant failed and refused to ship the lumber. It was alleged that the commissions on the orders so furnished defendant for shipment amounted in the aggregate to $1,293. Defendant denied that he had contracted to sell plaintiff any lumber, or had employed plaintiff to sell lumber for him, or had received any orders or shipping instructions from the plaintiff.

There was verdict (1) that defendant had contracted as alleged, (2) that he had breached the contract, and (3) that plaintiff was entitled to recover $1,293. From judgment on the verdict defendant appealed.

*Williams & Whisnant and Hal B. Adams for plaintiff, appellee.*
*Max C. Wilson and Benjamin Beach for defendant, appellant.*

DEVIN, J.   Defendant assigns error in the court's instructions to the jury on the issue addressed to the amount, if any, plaintiff was entitled to recover of the defendant. On this issue the court charged the jury as follows: "There is no controversy about that, gentlemen. The defendant does not deny the amount claimed by the plaintiff. He says he owes the plaintiff nothing, that there was not any contract, and that he owes him nothing. Gentlemen, the court instructs you that if you answer the first issue yes, and you find the evidence of the plaintiff to be true, that you would answer this third issue $1,293, with interest from August 1, 1945. There is no controversy about the amount." In this we think there was error. Defendant had denied he made the contract for breach of which plaintiff was seeking recovery, or that he had received orders or shipping directions for any of the lumber on which commissions were claimed. According to plaintiff's testimony plaintiff had secured orders from six or seven different purchasers on each carload of which he charged commission. So that the total amount claimed was made up of many items. Defendant testified he and plaintiff could not agree on the prices for lumber; that he had made no contract, nor received orders as to any of the items included in plaintiff's total claim. Hence, we think the court erred in charging the jury that there was no controversy about the amount. The defendant was contesting every inch of ground, and in resisting plaintiff's claim for an amount made up of twenty items he was entitled to have the jury determine, uninfluenced by peremptory instructions, whether plaintiff was entitled to recover for all, or part, or none of these items, the burden of the issue being upon the plaintiff. *Fertilizer Co. v. Hardee,* 211 N.C. 653, 191 S.E. 725; *Phillips v. Giles,* 175 N.C. 409 (414), 95 S.E. 772; G.S. 1-180. The statute G.S. 8-45, declaring that a verified itemized statement of account for goods sold and delivered or services rendered shall be deemed *prima facie* evidence of the correctness of the account, is not determinative of the question here presented.

As there must be a new trial for the reason pointed out, it is unnecessary to discuss or decide the other exceptions noted by defendant and brought forward in his assignments of error, as they may not arise on another hearing.

New trial.