RAWLS & TINGLE v. NORFOLK SOUTHERN RAILROAD.

(Filed 11 October, 1916.)

**1. Justice's Court—Appeal—Irregularities—Waiver—Conduct of Appellee.**
 While an appellant from a justice's judgment must see that his appeal is docketed in the Superior Court within the statutory time, his failure to have done so is an irregularity which the conduct of the appellee may waive; as when the appellant fails to pay the clerk for docketing the case until after the expiration of the time, the case remains on the docket for a year and a half, has several times been set for trial, both parties have taken the deposition of a witness, and then the appellee moves to dismiss for a failure of the appellant to have paid the clerk's fee in time.

**2. Appeal and Error—Instructions—Objections and Exceptions.**
 Exceptions to the charge of the court must be duly noted of record, or they will not be considered in the Supreme Court on appeal.

**3. Appeal and Error—Unanswered Questions—Objections and Exceptions.**

> Where the refusal of the trial judge to permit a witness to answer a .
> question is excepted to, the record must indicate what the answer of the
> witness would have been, or it will not be considered in the Supreme
> Court on appeal.　　　　　　　　　　.

CIVIL ACTION tried before *Whedbee, J.,* at May Term, of PAMLICO.

This is an action to recover damages for the loss of 125 crates of
cabbage, tried in the Superior Court on appeal by defendant from a
judgment of a justice of the peace.

When the case was called for trial at May Term, 1916, the plaintiff
moved to dismiss the appeal because it .was not docketed at the next
term after the trial before the justice. The motion was denied, and the
plaintiff excepted.

The court found the following facts in reference to the appeal:

That the case was tried 18 August, 1914, before I. W. Miller, J. P.,
judgment rendered in favor of plaintiff; defendant in open court gave
notice of appeal and paid the justice for making his return, and also
50 cents to cover cost of docketing same in the Superior Court. Before
the next term of court the justice mailed the return in this case to the
then clerk of the court, but did not transmit to him the fee of 50 cents
for docketing same; the clerk held same until 5 December, 1914; it was
then after the next term of court, when counsel for defendant, learning of
the reason why the clerk did not docket same, paid him the 50. cents on
5 December, 1914, and had same placed on the docket for trial; that
this case has been set for trial several times; this is the first time this
motion was made.　　　　　　　　　　　　　　　.

It also appears from the record that both plaintiff and defendant took
the depositions of nonresident witnesses preparatory to the trial.

There are other exceptions which will be referred to in the opinion.

There was a verdict and judgment in favor of the plaintiff, but for
less than the amount claimed by him, and he appealed.

*Z. V. Rawls for plaintiff.*
*Moore & Dunn for defendant.*

ALLEN, J. The authorities fully sustain the position of the plaintiff
that it is the duty of one who appeals from a judgment of a justice of
the peace to see that his appeal is docketed at the next term of the
Superior Court (*Abel v. Power Co.,* 159 N. C., 348) ; but as was said in
*Love v. Huffines,* 151 N. C., 380: "It does not follow that the appellee,
by whom the judgment before the justice was obtained, could not waive
his right to object to any irregularities in the procedure by which the
case was carried into the Superior Court, by his own laches or by such

conduct as would be tantamount to an admission on his part that the irregularities had worked no harm to him, and therefore he was willing to accept the jurisdiction of the higher court, as derived from the lower court, and try the case in the former court upon its merits. This is not a case wherein there is any inherent lack of jurisdiction, in the magistrate or the Superior Court, of the cause of action or the person. . . . If they intended to take advantage of any technical delay of the defendant in carrying his case to the higher court, it was simple justice, and even fairness, that they should have said so before they entered upon the trial of the case, having accepted a jury in the Superior Court, and thereby expressed their willingness in the most emphatic way that the case should be heard in that court upon its real and legal merits. Litigants may waive their rights, and even their constitutional rights."

The evidence of waiver is clear. The appeal was on the docket of the Superior Court one and a half years with no notice from the plaintiff that he intended to take advantage of any irregularity in the appeal; it was set for trial several times and the parties incurred the expense of taking depositions preparatory to a hearing on the merits.

We have examined the charge, and find nothing of which the plaintiff can justly complain; but if it were otherwise we could not consider the error, because there is no exception to the charge in the case on appeal.

As was pointed out in *Worley v. Logging Co.,* 157 N. C., 499, "The preparation of the assignment of error is the work of the attorney for the appellant, and is not a part of the case on appeal, and its office is to group the exceptions noted in the case on appeal; and if there is an assignment of error not supported by an exception, it will be disregarded."

The exception to the refusal of the court to permit a witness to answer a question as to market value is also without merit, as the record does not indicate what the answer of the witness would have been.

No error.