### J. N. BRYANT v. SOUTHERN BOX AND LUMBER COMPANY.

(Filed 24 November, 1926.)

**1. Contracts—Breach—Vendor and Purchaser.**

Where the issues submitted in an action for damages for defendant's refusal to accept and pay for on delivery at his place of business 500,000 feet of unmanufactured logs, at any time between certain dates, about ten months apart: *Held,* by the terms of the written contract, expressing the full terms of agreement, the plaintiff was required to furnish the logs in reasonable quantities of each delivery within the stated period.

**2. Contracts—Breach—Vendor and Purchaser.**

Where the defendant has refused to accept and pay for logs to be furnished by plaintiff in reasonable quantities within a stated period, which the plaintiff at all times was able, ready and willing to deliver according to the terms of the agreement, and would have done so except for the defendant's refusal to receive them, it is a breach by defendant of his contract, entitling the plaintiff to damages.

**3. Instructions—Contracts, Written—Interpretation—Questions of Law —Jury—Findings—Evidence.**

Where the evidence is conflicting as to whether a written instrument fully expressed the agreement of the parties, or should be reformed in equity for mistake, or was subsequently modified by the parties, it is correct for the trial judge to construe the intentions of the parties as expressed in the written contract, hypothecated upon their findings as to the facts upon the questions involved.

**4. Contracts—Breach—Damages—Vendor and Purchaser.**

Damages sustained by the seller of logs by the purchaser's breach in refusing to accept them according to his written contract, are not too indefinite and remote when the time for delivery extends over a few months, at a price named, and there is definite evidence as to cost the seller would have incurred therein.

**5. Judgments—Contracts—Vendor and Purchaser—Interest—Verdict.**

Where the verdict of the jury has established the amount of the plaintiff's damages on defendant's breach of contract to accept and pay for upon delivery certain logs sold to him, to be delivered in reasonable quantities during a period of about ten months, the expiration of the delivery period expressed in the writing is the time for the payment for the logs, and it is not error for the judge to allow in the judgment rendered interest from that date, no specific date having been fixed by the verdict. *Mfg. Co. v. McQueen,* 189 N. C., 311, cited and distinguished.

APPEAL by defendant from judgment of *Midyette, J.,* at March Term, 1926, of NEW HANOVER. No error.

Civil action to recover damages for breach of written contract for sale and delivery of logs.

Plaintiff agreed to sell to defendant 500,000 feet of unmanufactured gum and other hardwood logs, as specified in the contract, and to deliver said logs to defendant between 7 June, 1920, and 1 April, 1921; defendant agreed to pay $32.50 per thousand feet for said logs, immediately upon each delivery.

Plaintiff alleges that he was ready, willing and able to perform said contract, but that defendant, prior to the expiration of the time for delivery of the logs, declined to pay for logs tendered by plaintiff and notified him that it would not accept or pay for any logs thereafter tendered by plaintiff in compliance with said contract.

Defendant denied the breach of the contract alleged in the complaint, and alleged by way of cross-action and counterclaim breach of

same by plaintiff, resulting in damages to defendant. Issues arising upon defendant's cross-action and counterclaim were answered by the jury against the contentions of defendant.

Issues determinative of plaintiff's action against defendant, and of the defense thereto, were answered by the jury as follows:

1. Was the contract between the parties for the sale of logs partly written and partly oral, and if so, did the oral part thereof provide for monthly deliveries of logs? Answer: No.

2. If not, was there a modification of the agreement after its execution, under and by the terms of which it was agreed that there should be a monthly delivery of the logs? Answer: No.

3. Did the plaintiff and defendant, as a part of their agreement, contract with each other that the logs should be delivered by monthly deliveries, and was such understanding through a mutual mistake of the parties omitted from the written contract? Answer: No.

4. Was there a breach of the contract by the defendant as alleged in the complaint? Answer: Yes.

5. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: $2,250 with interest.

From judgment upon this verdict that plaintiff recover of defendant the sum of $2,250, with interest thereon from 1 April, 1921, and costs, defendant appealed to the Supreme Court.

*K. O. Burgwyn and Herbert McClammy for plaintiff.*
*Bryan & Campbell for defendant.*

CONNOR, J. The entire contract between plaintiff and defendant with respect to sale and delivery of the logs was in writing; no terms or conditions of their agreement were omitted from the written contract by the mutual mistake of the parties; nor was there any modification of said contract, with respect to the delivery of the logs, subsequent to its execution.

The court instructed the jury that under the agreement between the parties, as set out in the written contract, plaintiff had the right to deliver to defendant 500,000 feet of logs, as specified therein, at any time between 7 June, 1920, and 1 April, 1921, in such reasonable quantities and in such installments as plaintiff might elect, and that if the jury should answer all of the first three issues "No," and should find the facts to be as testified by all the witnesses, they should answer the fourth issue "Yes," but that if they answered either of the first three issues "Yes," they should answer the fourth issue "No." We find no error in these instructions. Defendant's assignments of error based upon exceptions to the instructions cannot be sustained. It is expressly provided in the written contract that defendant shall pay for

the logs "immediately upon each delivery." It is clear that the parties to this contract did not contemplate that the entire quantity of logs—500,000 feet—should be delivered by plaintiff or paid for by defendant at one time, but that deliveries should be made from time to time, between 7 June, 1920, and 1 April, 1921. In the absence of any agreement as to the quantity to be delivered at any one time, or as to the frequency of the deliveries, plaintiff was required only to deliver the logs in reasonable quantities and at reasonable times, between 7 June, 1920, and 1 April, 1921. Such deliveries would have been a full compliance by plaintiff with his contract. The · instructions were predicated upon a finding by the jury that there was no agreement between the parties with respect to monthly deliveries which had been omitted from the written contract by the mutual mistake of the parties, or made · by them orally at the time of its execution, as a part of the contract, or subsequently as a modification of the written contract. The jury having found that the entire contract was in writing, it was the duty of the court to construe the contract, and to instruct the jury as to the rights and obligations of the parties thereunder.

Plaintiff is not seeking in this action to recover of defendant for a partial performance by him of the contract; he alleges a breach of the contract by defendant and demands damages for such breach. It is not material to plaintiff's recovery, to decide whether the contract was, as defendant contends, entire and indivisible. Defendant, having declined to pay for logs tendered by plaintiff, in performance of his contract, and having notified plaintiff that it would not accept or pay for logs thereafter tendered by plaintiff, thereby breached its contract, and plaintiff was not required to prove performance by him of the contract thereafter in order to recover damages for defendant's breach. Plaintiff alleged and offered evidence to prove that he was ready, willing and able to deliver the logs, as he had agreed to do and thereby fully perform his contract with defendant. The jury having found the facts to be as alleged by plaintiff, he was entitled to recover of defendant his damages resulting from defendant's breach of the contract. *Edgerton v. Taylor,* 184 N. C., 571; *Ward v. Albertson,* 165 N. C., 218; *Bateman v. Hopkins,* 157 N. C., 470; *Gaylord v. McCoy,* 161 N. C., 685; *Hughes v. Knott,* 138 N. C., 105; *Blalock v. Clark,* 133 N. C., 306; *Grandy v. Small,* 50 N. C., 50.

The · court correctly instructed the jury that the measure of damages for plaintiff's recovery in this action was the net profit which he would have made, had defendant performed its contract by accepting and paying for the logs—that is, the difference between the sum which he would have received for logs, containing 500,000 feet, if he had delivered same to defendant at $32.50 per thousand feet, the contract

price, and the sum which it would have cost him, as found by the jury, to deliver the logs. Such damages may fairly be supposed to have been in the contemplation of the parties, when they made the contract, and naturally resulted from its breach. Upon the facts of this case, the profit which plaintiff expected to make, and would have made but for defendant's breach, was reasonably certain. The only element as to which there was any uncertainty was the cost to plaintiff of delivering the logs. There was evidence from which the jury could readily ascertain this sum. The profit which plaintiff sought to recover was not too remote or speculative to be assessed by the jury. The time during which the logs were to be delivered was definite and certain, extending over only a few months. This fact distinguishes this case from the decision in *Wilkinson v. Dunbar,* 149 N. C., 20. Otherwise, the opinion in that case by *Hoke, J.,* sustains the instruction as to the measure of damages in the instant case.

The jury answered the fifth issue, "$2,250, with interest." No date was fixed by the jury from which interest on the amount assessed as damages was recoverable. The court adjudged that plaintiff recover interest from 1 April, 1921, the date on which, under the contract, the delivery of the logs would have been completed. Defendant excepts to the judgment in this respect, contending that it was error for the judge to determine the date from which interest was recoverable. This contention cannot be sustained. Under the instruction of the court, the jury found that the profit which plaintiff would have made between 7 June, 1920, and 1 April, 1921, was $2,250. If defendant had performed its contract, plaintiff would have received this sum prior to 1 April, 1921. As a result of the breach, plaintiff did not receive this sum, prior to said date. The amount of the damages was ascertained from the terms of the contract itself, and from evidence relevant to the inquiry as to the amount. *Perry v. Norton,* 182 N. C., 585; *Croom v. Lumber Co.,* 182 N. C., 217; *Chatham v. Realty Co.,* 174 N. C., 671. There was no error, upon the facts of this case, in adjudging that plaintiff recover interest from 1 April, 1921, on the amount fixed by the jury as the profit he would have received prior to said date. The decision in *Mfg. Co. v. McQueen,* 189 N. C., 311, is not determinative of defendant's contention, upon the facts of this case. In that case, it was held that where the jury had not fixed the date, it was error for the court to do so, although the jury's answer to the issue was, $2,995.17, with interest." The interest in that case ran over a long period of time; the amount recovered by plaintiff was damages for conversion by defendant of various sums of money belonging to plaintiff, and received by defendant as agent of plaintiff.

The judgment is affirmed. We find

No error.