JULIUS THOMAS v. S. F. WATKINS and MANN WATKINS,
ADMINISTRATORS OF DR. J. W. WATKINS, DECEASED.

(Filed 27 April, 1927.)

1. Judgments—Interest—Verdict—Contracts—Tort—Statutes.

Where a verdict is given in an action on contract in plaintiff's favor for moneys due by the defendant to his intestate, interest is also given the plaintiff on the amount of the recovery as a matter of law, when not incorporated in the verdict. C. S., 2309. When in tort the matter of interest is awarded or not according as the jury may find.

2. Appeal and Error—Judgments—Erroneous Judgments.

An appeal or *certiorari* is the procedure to correct a judgment claimed to have been erroneously entered.

APPEAL by plaintiff from *Oglesby, J.,* at November Term, 1926, of ROCKINGHAM. Reversed.

A judgment was obtained by plaintiff against defendants at April Term, 1926, of the county court of Rockingham County, N. C., before Judge Hunter K. Penn and a jury. The jury rendered a verdict in the sum of $958.50 in favor of plaintiff. Board and services $640, boarding horse $120, money advanced $198.50. These amounts were found to be due plaintiff by virtue of certain contracts made between plaintiff and defendants' intestate. The judgment of the General County Court, signed by the judge, was for $958.50 *and interest from 1 September, 1924, until paid,* the date when defendants' intestate died. On 29 September, 1926, defendants gave plaintiff notice that on 9 October, 1926, they would "move the General County Court . . . to reform certain judgment rendered . . . during April Term, 1926, to conform to the issue as found by the jury." In the verdict the jury did not allow interest, but it was put in the judgment. The court several terms after, at October Term, 1926, found certain facts and struck from the judgment rendered at April Term, 1926, "and interest thereon from 1 September, 1924, until paid," and signed another judgment as of 21 April, 1926, *nunc pro tunc,* "$958.50, together with interest thereon until paid." Plaintiff duly excepted and appealed to the Superior Court. At November Term, 1926, the Superior Court sustained the judgment *nunc pro tunc* of the General County Court that disallowed and struck out the interest from 1 September, 1924. Plaintiff appealed from this judgment to the Supreme Court.

*P. T. Stiers for plaintiff.*
*Glidewell, Dunn & Gwyn for defendants.*

CLARKSON, J. Plaintiff's action against defendants' intestate was on *contract,* not *tort.* Plaintiff sued on contracts. The jury found that defendants' intestate owed plaintiff for "board and services $640, boarding horse $120, money advanced $198.50." The defendants' intestate died on 1 September, 1924. We think plaintiff was entitled to interest on the contracts from that date and the judgment, as originally rendered, was not erroneous.

In *Lumber Co. v. R. R.,* 141 N. C., at p. 192, *Connor, J.,* said: "His Honor gave judgment for the amount sued for and interest, to which defendant excepted. We think his Honor was correct. The theory upon which the plaintiff recovers is that the defendant has received the money wrongfully and the law implies a promise to repay it. The action was originally equitable in its character and founded upon the theory that in good conscience the defendant should repay the money wrongfully received, and from this duty the law implied a promise so to do. We see no reason why the amount should not draw interest. Revisal,

sec. 1954 (C. S., 2309); *Barlow v. Norfleet,* 72 N. C., 535; *Farmer v. Willard,* 75 N. C., 401. The cases cited by defendant were actions in tort, wherein the jury may or may not allow interest, as they see proper. In this lies the distinction."

In the *Farmer case, supra,* at p. 403, "It was not necessary for the jury to give interest. The law gives it and the court was authorized to give judgment accordingly." *Bond v. Cotton Mills,* 166 N. C., p. 20; *Chatham v. Realty Co.,* 174 N. C., p. 671; *Croom v. Lumber Co.,* 182 N. C., 217; *Bryant v. Lumber Co.,* 192 N. C., 607.

On the other question presented we may say that the position of the defendants cannot be upheld under well settled law. 1 Freeman on Judgments, 5 ed., part sec. 140, p. 267, quoting Coke Litt., 260a; 3 Bl. Com., 407; Freeman, *supra,* sec. 141; *Moore v. Hinnant,* 90 N. C., at p. 165-6; *Creed v. Marshall,* 160 N. C., 394; *Mann v. Mann,* 176 N. C., p. 353, citing a wealth of authorities; *Johnson v. Brothers,* 178 N. C., at p. 392.

An erroneous judgment should be corrected by appeal or *certiorari.* See irregular, erroneous or void judgments discussed in *Finger v. Smith,* 191 N. C., p. 818.

For the reasons given, the judgment below is

Reversed.