JOHN YANCEY ET AL. v. NORTH CAROLINA STATE HIGHWAY & PUBLIC WORKS COMMISSION.

(Filed 8 April, 1942.)

1. **Eminent Domain § 13—Upon present record petitioners held not entitled to interest on amount awarded for the taking of lands under eminent domain.**

   This proceeding was instituted to assess compensation for lands taken and easements imposed for the construction of a scenic highway or parkway and for damages to the remaining lands of petitioners.   The issues

submitted were as to the compensation petitioners are entitled to recover and as to what special and general benefits, if any, have accrued to the remainder of petitioners' property. *Held:* The amount of compensation, the value of the special and general benefits, if any, allowable as an offset thereto, and the amount of damages, were all unliquidated at the time of the taking, and further, the issues were couched in the present tense and spoke as of the trial term, and therefore petitioners are not entitled as a matter of law to interest on the award of the jury from the date title passed to the time of the trial. Moreover, in this case it appeared that petitioners were permitted to harvest the fruit from the trees on the portion of the lands appropriated in fee for two years after title passed by condemnation, so that actual deprivation of possession was delayed beyond the date of appropriation. C. S., 2309.

**2. Appeal and Error § 6b—Where there is no exception to the charge, appellants waive contention at variance with law as laid down therein.**

In this proceeding to assess compensation for the taking of lands under eminent domain, petitioners requested an instruction that the jury should award interest on the verdict from the date of the taking, or, in the alternative, that the jury might add interest to the award in its discretion. The court refused to charge as requested, and instructed the jury that under the law petitioners were not entitled to interest. There was no exception to the charge or to the refusal to charge as requested, but petitioners excepted to the refusal of the court to sign judgment tendered which added interest to the award of the jury. *Held:* There being no exception to the charge, petitioners cannot complain of its effect, and cannot contend that they are entitled to interest on the award.

**3. Judgments § 17b—**

Judgment follows the verdict, and therefore when there is no exception to the trial and no motion to set aside the verdict, the refusal of the court to sign judgment tendered by petitioners awarding them interest on the verdict cannot be held for error.

**4. Appeal and Error § 3a—**

Where judgment is entered on the verdict as rendered upon petitioners' motion, whether petitioners are the parties aggrieved and entitled to appeal therefrom upon their contention that the judgment should have awarded interest on the verdict of the jury, *quære*, since the judgment was in their favor and entered on their own motion. C. S., 632.

SCHENCK and WINBORNE, JJ., took no part in the consideration or decision of this case.

APPEAL by petitioners from *Bone, J.*, at December Special Term, 1941, of McDOWELL.

Special proceeding to recover compensation for lands taken and easements imposed in areas of Blue Ridge Parkway.

On 28 April, 1937, the State Highway & Public Works Commission, pursuant to the law as set out in section 3846 (bb), Michie's Code of 1939, appropriated certain lands and easements situate in McDowell and Mitchell counties, belonging to the petitioners, and conveyed same to the

United States Government for use in the construction of the Blue Ridge Parkway. The lands appropriated consisted of two tracts, used in the cultivation of orchards consisting of a large number of apple trees.

The petitioners harvested the apple crops on the lands for the years 1937 and 1938, but subsequently they have not had the fruit from any of the trees on the lands taken in fee simple.

Upon issues joined, the case was tried at the December Special Term, 1941, McDowell Superior Court, and resulted in the following verdict being rendered by the jury:

"1. What compensation, if any, are petitioners entitled to recover of the State Highway Commission on account of the lands taken in fee simple, the easements imposed, and the injury, if any, to the remainder of said lands by said taking? Answer: '$56,250.00.'

"2. What special and general benefits, if any, have accrued to the remainder of petitioners' property on account of the construction of the Parkway? Answer: 'None.' "

Upon the coming in of the verdict the petitioners tendered judgment for the amount named in the verdict, "with interest from April 28, 1937." The court declined to sign the judgment as tendered, because of the provision relating to interest (exception by petitioners), and then "on motion of . . . attorneys for the petitioners," entered judgment on the verdict as rendered.

The matter of interest had been the subject of debate before the jury. The petitioners requested the court to instruct the jury to award interest on the verdict from 28 April, 1937, or in the alternative, to instruct them that, in their discretion, they might add interest on the award from said date. Both of these requests were refused.

The court instructed the jury, "The amount of compensation . . . has not been ascertained even to this time, and will not be ascertained until your verdict; therefore, under the law, it does not bear interest."

There was no exception to the charge as given, and none to the refusal to charge as requested.

The petitioners appeal, assigning error in the court's refusal to allow interest on the verdict as a matter of right.

*Proctor & Dameron and Ehringhaus & Ehringhaus for petitioners, appellants.*

*Charles Ross, Ernest A. Gardner, and D. F. Giles for Highway Commission, appellee.*

STACY, C. J. The question for decision is whether the petitioners, in the circumstances here disclosed, are entitled, as a matter of law, to interest on the compensation fixed by the jury from the date of the original appropriation. The record points to a negative answer.

In the first place, it will be noted from the issue submitted to the jury that the verdict embraces not only indemnity for the lands taken and easements imposed, but also damages for injury to the remainder of the lands. *Highway Com. v. Hartley,* 218 N. C., 438, 11 S. E. (2d), 314; *Light Co. v. Moss,* 220 N. C., 200; *S. v. Lumber Co.,* 199 N. C., 199, 154 S. E., 72. Of course, the damages to the remainder of the lands were unliquidated at the time of the taking. *Bond v. Cotton Mills,* 166 N. C., 20, 81 S. E., 936. Then, too, the value of the lands taken was subject to be offset by general and special benefits, if any, accruing to the petitioners from the construction of the Parkway. *Wade v. Highway Com.,* 188 N. C., 210, 124 S. E., 193. These were likewise unliquidated at the time, as was also the claim of the petitioners for compensation. *R. R. v. Mfg. Co.,* 166 N. C., 168, 82 S. E., 5. Moreover, it will be observed the issues are couched in the present tense, and they speak as of the trial term.

Secondly, it appears that while the lands were appropriated on 28 April, 1937, by the filing of maps outlining the appropriated areas, etc., the petitioners were permitted to harvest the crops on the lands for the years 1937 and 1938. Thus, the actual surrender or deprivation of possession was delayed beyond the date of appropriation. *Durham v. Davis,* 171 N. C., 305, 88 S. E., 433.

Thirdly, there is no challenge to the validity of the trial, and none to the correctness of the verdict. The petitioners are content with what the jury has done and with the instructions given by the court. For present purposes, therefore, they are deemed to be correct. *Howell v. R. R.,* 186 N. C., 239, 119 S. E., 198; *Rawls v. R. R.,* 172 N. C., 211, 90 S. E., 116; *S. v. Johnson,* 193 N. C., 701, 138 S. E., 19. But the demand for interest after verdict is at variance with the judge's instruction to the jury to which no exception has been preserved. Thus, to concede the correctness of the charge would seem to forestall a denial of its effect. *In re Steele,* 220 N. C., 685; *Cameron v. McDonald,* 216 N. C., 712, 6 S. E. (2d), 497. Objections not insisted upon are waived. *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579; *McDowell v. Kent,* 153 N. C., 555, 69 S. E., 626. Clearly, if the charge be correct, and it is not challenged, the petitioners have no ground for complaint. This singularizes the present case and differentiates it from others cited or examined.

Let us test it in another way. Supposing the jury had been instructed that although interest was not allowable as such, nevertheless they should take into consideration the intervening delay and fix the award accordingly. Obviously, under such a charge, the court would not be justified in adding interest to the award. *R. R. v. Mfg. Co., supra.* So, also, under a charge dealing with the subject and deemed to be correct, it is contrary to precedent for the court to add interest to the amount of the verdict. *Mfg. Co. v. McQueen,* 189 N. C., 311, 127 S. E., 246; *Harper*

*v. R. R.,* 161 N. C., 451, 77 S. E., 415. There was no motion to set aside the verdict, and it is the practice with us that the judgment follows the verdict. *Davis v. Doggett,* 212 N. C., 589, 194 S. E., 288; *Parrish v. Hartman, ibid.,* 248, 193 S. E., 18; *Durham v. Davis, supra.* The verdict, which fixes the compensation as of the trial term, stands unimpeached.

Fourthly, it further appears that "on motion of . . . attorneys for the petitioners" judgment was entered on the verdict as rendered. The question arises whether the petitioners are the "parties aggrieved" within the purview of C. S., 632, by a judgment in their favor entered on their own motion. *Carruthers v. R. R.,* 218 N. C., 377, 11 S. E. (2d), 157; *McCullock v. R. R.,* 146 N. C., 316, 59 S. E., 882. If error, was it cured or invited? *Kelly v. Traction Co.,* 132 N. C., 368, 43 S. E., 923; *Buie v. Buie,* 24 N. C., 87. The unusuality of the situation would doubtless be conceded. *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498. The appellants are not asking for a new trial.

In reply to all this, however, the petitioners aver the fact is, that no interest was allowed in the court below; that it is entirely consistent to award it here, and that they are entitled to it as a matter of law. C. S., 2309; *Chatham v. Realty Co.,* 174 N. C., 671, 94 S. E., 447; *Bryant v. Lumber Co.,* 192 N. C., 607, 135 S. E., 531; *Perry v. Norton,* 182 N. C., 585, 109 S. E., 641; *S. A. L. Ry. v. U. S.,* 261 U. S., 299. Conceding the apparent force of the syllogism—though it may assume too much—we are still faced with the procedural precedents above cited. These have heretofore been regarded as controlling. *R. R. v. Mfg. Co., supra.*

Finally, we may say the case has been argued with much learning and manifest research, but it occurs to us that the question debated is foreclosed by the record. Hence, the result is an affirmance of the judgment rendered on the verdict.

Affirmed.

SCHENCK and WINBORNE, JJ., took no part in the consideration or decision of this case.