ARTHUR M. DeBRUHL AND WIFE, JANIE W. DeBRUHL, PETITIONERS, v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION, RESPONDENT.

(Filed 26 February, 1958.)

1. **Eminent Domain § 1—**

    Eminent domain is the power of the sovereign to take or damage private property for a public purpose on payment of just compensation.

2. **Eminent Domain § 2—**

    In taking private property by eminent domain by the State or a State agency it is required that just compensation therefor be paid under "the law of the land" clause of the State Constitution, Article I, Section 17, and under the "due process" clause of the 14th Amendment to the Federal Constitution.

3. **Eminent Domain § 8—**

    Just compensation for the taking of private property under the power of eminent domain is the fair market value of the property condemned, determined as of the date of the taking, unaffected by any subsequent change in the condition of the property.

4. **Eminent Domain § 13—**

    In a proceeding under G.S. 136-19 to recover just compensation for the taking of private property for highway purposes, petitioners ordinarily are entitled, as a matter of strict legal right, to have the jury award them, in addition to the sum the jury finds to be the fair market value of the property on the taking date, interest on such sum at the rate of 6 per cent from the date petitioners were physically dispossessed to the date of verdict, as an element of just compensation.

671

5. **Eminent Domain § 9—**

Where land is condemned for highway purposes, the value of the perpetual easement acquired by the condemnor is virtually the same as the value of the land, and the court should charge that petitioners are entitled to be awarded compensation in the fair market value of their property at the time of the taking. However, the instruction that petitioners were entitled to have the full equivalent of the value of the use rather than the value of the property as of the time of the taking, was not prejudicial under the facts of this case.

6. **Eminent Domain § 18e—**

In a proceeding to assess compensation for lands taken for highway purposes, an instruction charging the jury that petitioners are entitled to recover, in addition to the fair market value of the land on the date of taking, some additional amount to compensate for the delay in the payment of compensation, must be held for prejudicial error when the court fails to give the jury any standard or guide for the assessment of such additional sum.

7. **Damages § 13a—**

In charging upon the issue of damages, the court of its own motion and without request must charge the jury as to the rule they should follow in assessing each element of the damages. G.S. 1-180.

APPEAL by respondent from *Campbell, J.,* March-April 1957 Civil Term of BUNCOMBE as No. 98 at Fall Term 1957, carried over to Spring Term 1958.

Condemnation proceeding by the State Highway and Public Works Commission authorized by G.S. 136-19.

One issue, to the submission of which there is no exception by either party, was submitted to the jury. That issue is: "What amount are petitioners entitled to recover of respondent for the land, including that portion of the house and other improvements situate thereon, condemned by the respondent for highway purposes on the 7th day of May, 1952?" The jury answered the issue: $9,675.00.

From judgment in accord with the verdict respondent appeals.

*George B. Patton, Attorney General, and R. Brookes Peters, Assistant Attorney General, and McLean, Gudger, Elmore & Martin, Associate Counsel for respondent, appellant.*
*Sanford W. Brown for petitioners, appellees.*

PARKER, J. For the six years prior to 1948 petitioners were the owners of a lot on the south side of Druid Drive in the City of Asheville, fifty feet wide and about one hundred and forty-eight feet deep. Situate on the lot was a brick veneer house in which petitioners lived. Work for relocating and reconstructing U. S. Highways 19-23 through a section of West Asheville

DeBRUHL v. HIGHWAY COMMISSION.

was begun under Project 9075 for the first lane by respondent in 1948. For this purpose respondent in 1949 purchased from petitioners for $4,700.00 a right of way across the back portion of their lot and the back part of their house on the right of way.

Petitioners continued to live in their house. In March 1952 respondent began work for widening U. S. Highways 19-23 to dual lane highways under Project 9086. To do this it was necessary for respondent to acquire all the remaining part of petitioners' lot and all the remaining part of their house thereon. On 7 May 1952 the respondent in the exercise of its power of eminent domain appropriated all this remaining property of petitioners by going thereon and delivering to petitioners a copy of the letter and notice of condemnation, and erected a sign thereon reading: "This lot appropriated for highway purposes. SH&PWC, May 7, 1952." Petitioners continued to live in the house, until they were ejected therefrom and from the lot, under a court judgment in a proceeding brought by respondent for that purpose. In June or July 1952 respondent completely demolished the house. It would seem, though the evidence is not entirely clear, that the back portion of the house purchased by respondent in 1949, which was fifteen feet on the west side, and eleven feet on the east side, was not torn down until after 7 May 1952.

Petitioners and respondent being unable to agree upon the compensation justly owing to the petitioners for the taking under the power of eminent domain of their property by respondent, the petitioners on 24 November 1952 instituted a proceeding under the provisions of Ch. 40 of the General Statutes to recover just compensation. G.S. 136-19; *Proctor v. Highway Commission*, 230 N.C. 687, 55 S.E. 2d 479. In their petition, petitioners alleged that they were entitled to recover $22,800.00. Respondent in its answer denied that petitioners are entitled to recover that amount, but do not allege what amount they should recover.

Commissioners appointed by the Clerk of the Superior Court of Buncombe County reported to the court in August 1953 that compensation in the amount of $4,750.00 ought justly to be made to petitioners. Exceptions to the report were filed by respondent in August 1953, and by petitioners in September 1953. Pursuant to notice and motion, the Clerk on 30 September 1953 overruled the exceptions, and entered judgment confirming the report of the commissioners, and ordering that petitioners have and recover from respondent the sum of $4,750.00. Respondent in open court gave notice of appeal from the judgment, and demanded a jury trial. On 5 October 1953 the Clerk transferred the proceeding to the civil issue docket of Buncombe County.

At the 4 October 1954 Civil Term of the Superior Court of Buncombe County, Judge Dan K. Moore at a pre-trial conference ordered this one issue to be submitted to the jury: "What amount are petitioners entitled to recover of respondent for the land, excluding the house thereon, condemned for highway purposes on the 7th day of May 1952?" Petitioners excepted to the order, and appealed to the Supreme Court. In this Court the appeal was dismissed as premature, but without prejudice (1) to petitioners' exception to the order, or (2) to their rights in accordance with law and procedure in such cases. *DeBruhl v. Highway Commission*, 241 N.C. 616, 86 S.E. 2d 200.

The proceeding came on to be heard at the March Term 1956 of Buncombe County Superior Court before Judge P. C. Froneberger and a jury. At a pre-trial conference Judge Froneberger held that the issue settled by Judge Moore was correct. This issue was submitted to the jury, and it was answered by them $12,500.00. Judgment was entered on the verdict, and the respondent excepted, and appealed to the Supreme Court.

The appeal is reported in 245 N.C. 139, 95 S.E. 2d 553. Rodman, J., in concluding the opinion for the Court, said:

"Since defendant did not acquire, in 1948 and 1949, any portion of the building or land lying outside the right of way conveyed to it, it follows that plaintiffs are entitled to be fairly compensated for the part of the house as well as the land taken by the Highway Commission. The amount to be paid must be determined upon an appropriate issue submitted at a time when both plaintiffs and defendant have an opportunity to submit evidence as to the value of the property so taken."

A new trial was ordered.

After the second appeal respondent by leave of court filed an amended answer, and an amended further answer, admitting, as held in the opinion, that it did not acquire in 1949 any portion of the house or lot lying outside the right of way it purchased from petitioners.

At the trial at the March-April 1957 Civil Term of the Buncombe County Superior Court, petitioners and respondent offered evidence tending to show the fair market value of the property when it was condemned by respondent on 7 May 1952.

Respondent assigns as error the part of the charge quoted below, which is in parentheses:

"Now, the Court charges you that the respondent, that is the Highway Commission, had a right under the law to acquire this property, but in doing so the law forbids and prohibits the respondent, that is the Highway Commission, taking

DeBruhl *v.* Highway Commission.

the property of the petitioners other than by the law of the land, and pursuant thereto the Highway Commission is forbidden to take private property except upon paying just compensation for it, that is, paying the fair market value for the property, (the theory of such a case being that the obligation of the Highway Commission is to put the owners of the property in as good position pecuniarily, that is from a monetary standpoint, as if the use of their property had not been taken, so that the petitioners, the owners of the property, are entitled to have the full equivalent of the value of such use at the time of the taking, and to have that paid contemporaneously with the taking, so that the Court charges you) that while interest on the money is not involved, and the petitioners are not entitled to recover any interest on their property, (nevertheless you should take into consideration, and the Court charges you that you will take into consideration, the intervening delay since June, 1952, when the petitioners were deprived of their property; you will consider that delay up till this time, that is the time when the award is allowed, and you will affix your award accordingly, so that the petitioners will be made whole and will be compensated fully for their property which has been taken, based upon the fair market value of that property on May 7, 1952, when it was taken, together with the delay in actually awarding that money to them)."

"Eminent domain is the power of the sovereign to take or damage private property for a public purpose on payment of just compensation." *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129.

Article I, Section 17, of the North Carolina Constitution states that no person ought to be in any manner deprived of his property, but by the law of the land. "The law of the land and due process of law are interchangeable terms." *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717.

Practically every State in the Union, North Carolina excepted, contains an express constitutional provision against the taking of private property for public use without the payment of just compensation. Jahr, Eminent Domain, Sec. 36. However, North Carolina recognizes this fundamental right to just compensation as so grounded in natural law and justice that it is part of the fundamental law of the State, and imposes upon a governmental agency taking private property for public use a correlative duty to make just compensation to the owner of the property taken. This principle is considered in North Carolina as an integral part of "the law of the land" within the meaning of

Article I, Section 17, of the State Constitution. *Sale v. Highway Commission*, 242 N.C. 612, 89 S.E. 2d 290; *Eller v. Board of Education*, 242 N.C. 584, 89 S.E. 2d 144; *Proctor v. Highway Commission, supra; Sanders v. R. R.*, 216 N.C. 312, 4 S.E. 2d 902; *Ivester v. City of Winston-Salem*, 215 N.C. 1, 1 S.E. 2d 88.

Under the due process clause of the 14th Amendment to the United States Constitution no State can deprive an individual of his property without just compensation. *Delaware, L., & W. R. Co. v. Morristown*, 276 U.S. 182, 72 L. Ed. 523, 56 A.L.R. 756; *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 67 L. Ed. 322, 28 A.L.R. 1321. This amendment is a limitation on the powers of the States. *Sale v. Highway Commission, supra; Yarborough v. Park Commission*, 196 N.C. 284, 145 S.E. 563. It adds nothing to the rights of one citizen against another. It simply furnishes a guaranty against any encroachment by the State on the fundamental rights belonging to every citizen. *U. S. v. Cruikshank*, 92 U.S. 542, 554, 23 L. Ed. 588, 592. "The constitutional guaranty of just compensation is not a limitation of the power to take, but only a condition of it exercise." *Long Island Water Supply Co. v. Brooklyn*, 166 U.S. 685, 41 L. Ed. 1165.

Thus, the payment of just compensation to petitioners for the taking of their property for public use by the respondent State Highway and Public Works Commission, an agency of the State government, is protected by Article I, Section 17, of the North Carolina Constitution, as we have interpreted it, and by the 14th Amendment to the Constitution of the United States.

The fundamental principle that private property cannot be taken by eminent domain without just compensation requires that the fair market value of the property condemned shall be determined as of the date of the taking, and unaffected by any subsequent change in the condition of the property. *Highway Commission v. Black*, 239 N.C. 198, 79 S.E. 2d 778; *Power Co. v. Hayes*, 193 N.C. 104, 136 S.E. 353; *United States v. Chandler-Dunbar W. P. Co.*, 229 U.S. 53, 57 L. Ed 1063; 29 C.J.S., Eminent Domain, Sec. 185.

A question presented by respondent's assignments of error Numbers 31 and 32 to the charge quoted above is this: Are the petitioners, whose property was taken for public use on 7 May 1952 by the respondent, an agency of the State government, and who in June 1952 were physically dispossessed and ejected therefrom by a court order procured by respondent, entitled to have the jury at the March-April 1957 Civil Term of Court award them compensation not only for the bare fair market value of their property taken by respondent to be determined as of the date of the taking, but also to have the jury award them some additional sum for the substantial delay in the payment of the fair market value of their property so taken, as an element of

DeBRUHL v. HIGHWAY COMMISSION.

the just compensation guaranteed by Article I, Section 17, of the North Carolina Constitution, as we have construed it, and by the 14th Amendment to the United States Constitution, when there is nothing in the record to show that the cause of the delay was petitioners' fault, the parties apparently being content to have just compensation for the taking of the property determined in appropriate legal proceedings? This question is squarely raised by respondent's assignments of error Numbers 31 and 32. The answer to the question is, Yes.

The view of the United States Supreme Court is illustrated by *Kieselbach v. Commissioner of Int. Revenue*, 317 U.S. 399, 87 L. Ed. 358; *Brooks-Scanlon Corp. v. United States*, 265 U.S. 106, 68 L. Ed. 934; and *Seaboard Air Line R. Co. v. United States*, 261 U.S. 299, 67 L. Ed 664. The Fifth Amendment to the United States Constitution, which is a limitation upon the federal government, and not upon the States, *Brown v. New Jersey*, 175 U.S. 172, 44 L. Ed 119, provides that private property shall not be taken for public use without just compensation. Article I, Section 17, of the North Carolina Constitution uses language of similar import.

In *Kieselbach v. Commissioner of Int. Revenue, supra*, the Court said:

"From the premises that the value at time of the taking plus compensation for delay in payment equals just compensation, *United States v. Klamath & M. Tribes*, 304 U.S. 119, 123, 82 L. Ed. 1219, 1222, 58 S. Ct. 799, and that a good measure of the necessary additional amount is interest 'at a proper rate,' *Seaboard Air Line R. Co. v. United States*, 261 U.S. 299, 306, 67 L. Ed. 664, 669, 43 S. Ct. 354, petitioner contends that as just compensation requires the payment of these sums for delay in settlement, they are a part of the damages awarded for the property. But these payments are indemnification for delay, not a part of the sale price. While without their payment just compensation would not be received by the vendor, it does not follow that the additional payments are a part of the sale price under Section 117(a). The just compensation constitutionally required is not the same thing as the sale price of a capital asset."

In *Brooks-Scanlon Corp. v. United States, supra*, the Court said:

"It is settled by the decisions of this Court that just compensation is the value of the property taken at the time of the taking. Citing numerous cases. And, if the taking precedes the payment of compensation, the owner is entitled

DeBruhl *v.* Highway Commission.

to such addition to the value at the time of the taking as will produce the full equivalent of such value paid contemporaneously. Interest at a proper rate is a good measure of the amount to be added. Citing numerous cases."

In *Seaboard Air Line R. Co. v. United States, supra,* the Court said:

"The rule is that, in the absence of a stipulation to pay interest, or a statute allowing it, none can be recovered against the United States upon unpaid accounts of claims. Citing cases. Section 10 of the Lever Act authorizes the taking of property for the public use on payment of just compensation. There is no provision in respect of interest. Just compensation is provided for by the Constitution, and the right to it cannot be taken away by statute. . . . The compensation to which the owner is entitled is the full and perfect equivalent of the property taken. Citing authority. It rests on equitable principles, and it means substantially that the owner shall be put in as good position pecuniarily as he would have been if his property had not been taken. Citing cases. . . . Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value, paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. The legal rate of interest, as established by the South Carolina statute was applied in this case. This was a 'palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain; namely, of making "just compensation" for the land as it stands, at the time of taking.' Citing authority."

See also *Bailey v. Anderson, State Highway Commissioner of Virginia,* 326 U.S. 203, 90 L. Ed. 3.

In *Clark v. Cox,* 134 Conn. 226, 56 A. 2d 512 (3 December 1947), one question to be decided on appeal was whether, where the defendant, Highway Commissioner, has condemned and taken plaintiffs' land for highway purposes pursuant to Section 1528 of the Connecticut General Statutes, as amended, they are entitled to receive interest from the date of taking until the date of judgment as an element of the just compensation guaranteed by Article First, Section 11, of the Connecticut Constitution and the 14th Amendment to the United States Constitution. Article First, Section 11, of the Connecticut Constitution

reads: "The property of no person shall be taken for public use, without just compensation therefor." The Court said:

"Since this taking was an exercise of the state's power of eminent domain, the plaintiffs' constitutional guaranties entitle them to just compensation as of the time of the taking. 'Where land is taken by eminent domain, the principal sum becomes due and payable when the land is taken.' *Woodward v. City of New Haven,* 107 Conn. 439, 441, 140 A. 814, 815. It is the value of the land as of that time which constitutes the basis of just compensation. In consequence of the delay in the payment of that sum to the plaintiffs and the termination of their right of possession by the filing of the assessment, they had, from July 14, 1944, until January 17, 1947, neither the legal right to the possession or use of their property nor the use of the money to which they were entitled for its taking. Just compensation must necessarily include compensation for the loss so sustained during this interval, for, as we have said, 'It matters not whether the property . . . taken be regarded as the land condemned or the amount of assessed damages withheld for the condemnor's use . . . In either aspect of the matter and in either event, the result will be the appropriation of private property without just compensation.' *Reiley v. City of Waterbury,* 95 Conn. 226, 230, 111 A. 188, 189. The loss suffered during the interval referred to is as much an element of just compensation as is the value of the land itself as of the date of the taking."

The Court held that plaintiffs are not limited to the value of their property taken by eminent domain for highway purposes by the Highway Commissioner, but they are entitled by the guaranties of Article First, Section 11, of the Connecticut Constitution and of the 14th Amendment to the United States Constitution to such addition as will produce a full equivalent of that value paid contemporaneously with the taking, and interest at a proper rate is a good measure by which to ascertain the amount so to be added.

*Gitlin v. Pennsylvania Turnpike Commission,* 384 Pa. 326, 121 A. 2d 79 (13 March 1956), was a proceeding to determine the damages due the plaintiffs for the appropriation of their property for highway purposes by the defendant, an instrumentality of the Commonwealth of Pennsylvania. On plaintiffs' petition the court below appointed a board of view for the ascertainment of the damages due the plaintiffs for the appropriation of their property. The viewers appraised the value of the property taken, and awarded the value of the property taken, and damages for

delay in payment of the value of the property taken at the rate of four per cent per annum. The judge below confirmed the viewers' report and award. Article I, Section 10, of the Pennsylvania Constitution reads: ". . . . nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured." On appeal the defendant contended that it is not liable for damages for delay in payment of the sum due for property which it appropriates by condemnation, and bottomed its contention upon the assertion that the Commonwealth of Pennsylvania is not liable in damages for delay in payment for property condemned by it and that, since the Turnpike Commission is an instrumentality of the Commonwealth, it is likewise free from liability in such regard. The Supreme Court of Pennsylvania in affirming the order of the court below said:

"The fallacy in the argument is twofold: (1) the major premise is erroneous and (2) the Commission is not the Commonwealth. And, even if it were entitled to the sovereign's immunity from liability for interest, it would still be answerable in damages for delay in payment for property condemned. In *Fidelity-Philadelphia Trust Co. v. Commonwealth,* 352 Pa. 143, 145, 42 A. 2d 585, the principal question for decision was 'whether an owner of property appropriated by or in behalf of the Commonwealth of Pennsylvania through condemnation is entitled to damages for delay in payment of the sum ascertained to be reasonable compensation for the property so taken.' We unequivocally answered that question in the affirmative. Nor could the rule be otherwise without palpably violating the State Constitution. . . . *Culver v. Commonwealth,* 348 Pa. 472, 35 A. 2d 64, upon which the appellant heavily relies, is not in point as even a cursory reading of the opinion should at once disclose. The rationale of the decision in the Culver case is that the Commonwealth is not liable to pay interest on its debts unless bound so to do by statute or by contract of its executive officers. In that case, the damages recoverable for the property taken by condemnation had been reduced to a judgment entered on a jury's verdict after a trial of the issue of damages in the court of common pleas upon an appeal thereto from an award of viewers. The verdict concluded all elements of damages to which the owner was entitled, including compensation for delay in payment. The one question involved in the Culver case, *supra,* was whether the Commonwealth was liable for interest on the judgment. As we endeavored to explain in distinguishing the Culver case in *Fidelity-Philadelphia Trust Co. v. Commonwealth,*

DeBruhl *v.* Highway Commission.

*supra,* until a binding judgment is entered against the Commonwealth in a land condemnation proceeding, either by way of an award of viewers or a jury's verdict, there is no debt and, consequently, no question of interest. Damage for delay in payment of the property value is not interest. While measured by a rate per cent, it is recoverable as damages and not as interest: *Whitcomb v. City of Philadelphia,* 264 Pa. 277, 284, 107 A. 765. In the instant case, there is as yet no binding judgment against the Commonwealth which concludes the *quantum* of the damages due the plaintiffs; hence, no question of liability for interest is in any way involved."

In *State v. Deal,* 191 Oregon 661, 233 P. 2d 242 (27 June 1951), the plaintiff, State of Oregon, through its State Highway Commission, appealed from a judgment based on the verdict of a jury in a condemnation action. In reversing the judgment below and remanding the cause to the Circuit Court for further proceedings, the Court deeming it expedient, for the guidance of the court below and counsel in this and future cases expressed their unanimous views on the point we are discussing, which was similar to what this Court did on another point in the former appeal of this case in 245 N.C. 139, 95 S.E. 2d 553. The Court after stating that Article I, Section 18, of the Oregon Constitution provides in part: "Private property shall not be taken for public use . . . without just compensation," and that the Fifth Amendment to the United States Constitution contains substantially the same provision, and citing many cases of the United States Supreme Court construing the language of the Fifth Amendment to the United States Constitution—among them two of the cases we have quoted from above—said:

"We adopt the construction of the words 'just compensation' in our Constitution which has been placed upon the same words in the Federal Constitution by the highest court in the land, and hold as matter of law that the defendants are entitled to interest at the rate of 6% per annum from the day of the taking on whatever sum the jury may find to be the fair market value of the property, such interest to be deemed a part of the damages suffered by the defendants as a result of the appropriation."

In *Flemming v. Board of Com'rs.,* 119 Kan. 598, 240 P. 591, the jury found the actual damages for location of the road to be $251.50, having been specifically instructed by the court not to include any interest in reaching their verdict. In a special question submitted by the court the jury found that the amount of interest at six per cent on the damages from the time of the lo-

cation of the road until the time of the trial was $105.63. In entering judgment the court added this amount to the general verdict and rendered judgment for $357.13. Appellants contended this was error because the county was not liable for interest on its obligations unless specially made so by statute. The Court said:

"The rule there announced has no application to compensation for property taken for public use under the power of eminent domain, where the requirement is that full compensation for property taken, should be paid. The general rule in such proceedings is that where there is a substantial lapse of time between the actual taking of the property and the payment, interest on the damages for the taking of the property from the time of taking until the time of final payment, or, what amounts to the same thing, damages in the nature of interest for delay in payment of compensation, is properly allowed. Citing numerous cases."

The court affirmed the lower court, with a slight modification, reducing the judgment by $11.50 with interest.

The principle of law we are discussing, in many of its ramifications, has been thoroughly considered in *Arkansas-Missouri Power Co. v. Hamlin, Mo.* App., 288 S.W. 2d 14 (2 March 1956). In that scholarly opinion many of the cases, annotations and texts are collected. The learned Judge Ruark said in the opinion:

"Interest as so allowed by the weight of authority is not interest *eo nomine,* that is, interest as such and in the commonly accepted sense, but a substitute or means of measuring the value of the deprivation of the use of the property, and because it is a part and element of the just compensation required by constitutional provisions, which are self-enforcing, entirely independent of statute; for when no other method is at hand to determine the landowner's loss for the interim period, its allowance as an element of the just compensation is held necessary to preserve the constitutionality of statutory procedures which do not of themselves provide a way for compensating the owner for the period he is kept out of owner's possession without full payment. Citing many cases. Some law writers say it is compensation for 'delay in payment.' Others say that interest as a part of the just compensation and interest as and for delay in payment are one and the same thing. Citing authorities."

In Jahr, Eminent Domain, Sec. 176, it is said:

"When the right of eminent domain is exercised, just compensation must be paid to the owner whose property is acquired. The obligation to pay rests on constitutional guarantees. When compensation is not paid coincidentally with the taking, it must include some sum in addition to the bare value of the property on the taking date, for delay in making payment, so that compensation may be just. Without the addition of some sum, the requirement of just compensation constitutionally guaranteed would not be met. In the absence of evidence as to what such additional sum should be, interest, as the legal requirement meets this obligation. Where, however, no fixed rate of interest is specified in the statute, the legal rate of interest is applicable. Interest therefore forms part of the award."

Many cases are cited to support the text.

In 29 C.J.S., Eminent Domain, Sec. 176(a), it is said:

"Where payment of compensation does not accompany the taking of property for public use but is postponed to a later date, the owner of the property ordinarily is entitled to the award of an additional sum which will compensate for the delay, or which will, in other words, produce the full equivalent of the value of the property paid contemporaneously with the taking. According to the weight of authority, the owner is in such circumstances entitled to interest, or, what is similar, to damages in the nature of interest for delay in payment. The right to such interest or damages is not dependent on statutory provision or a special agreement."

Many cases are cited to support the text.

In Orgel on Valuation under Eminent Domain, Second Ed., Vol. I, Sec. 5, it is written:

"When property is acquired by eminent domain, there is an interval between the appropriation of the property and the payment of compensation during which the owner is deprived of the use of his property. The constitutional provision of just compensation as interpreted by the courts requires that the owner be indemnified for the damages arising out of the delay in paying him the cash equivalent of the property taken."

A very comprehensive annotation setting forth the bulk of the case law on the subject can be found in 36 A.L.R. 2d beginning on page 413, under the title VIII. Eminent Domain in sec-

tions 46, 47, 48, 49, 50 and 51. See earlier annotations in 111 A.L.R., page 1304, VIII. Eminent Domain, and 96 A.L.R., page 150, VIII. Eminent Domain. See also Nichols on Eminent Domain, Third Ed., Vol. 3, Sec. 8.63, where cases are cited from most of the States and from many United States Courts, and Lewis, Eminent Domain, 3rd Ed., Vol. 2, Sec. 742.

*Yancey v. Highway Commission,* 221 N.C. 185, 19 S.E. 2d 489, was a special proceeding to recover compensation for lands taken and easements imposed in areas of the Blue Ridge Parkway. The petitioners were permitted to harvest crops on the lands for the years 1937 and 1938, and the actual deprivation of possession was delayed beyond the date of appropriation. Petitioners contended that they were entitled to interest on the verdict fixing compensation from the date of the original appropriation as a matter of law. The Court held that upon the present record the petitioners were not entitled to add interest to the verdict. Stacy, C. J., in writing the Court's opinion used this significant language:

"Let us test it in another way. Supposing the jury had been instructed that although interest was not allowable as such, nevertheless they should take into consideration the intervening delay and fix the award accordingly. Obviously, under such a charge the court would not be justified in adding interest to the award."

Manifestly, this case is no authority upon the question we are discussing.

Thereafter in the trial court petitioners entered a motion in the cause, denominated a petition for *mandamus,* to compel the payment of interest on the judgment from the date of its rendition to the time of payment. Respondent demurred *ore tenus* to the petition and motion. The demurrer was sustained, and petitioners appealed, *Yancey v. Highway Commission,* 222 N.C. 106, 22 S.E. 2d 256. The decision of the lower court was affirmed. Devin, J., in writing the Court's opinion, after referring to decisions of the United States Supreme Court, which hold that just compensation is provided by the Fifth Amendment to the United States Constitution and "where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value, paid contemporaneously with the taking" *(Seaboard Air Line R. Co. v. United States, supra),* used this language:

"However, that principle does not aid us under the facts of this case. Here the amount of compensation justly due the

petitioners has been judicially determined by verdict and judgment as of the time of the trial. . . . They now ask the court to add an additional amount to the judgment as interest on the judgment. It is a somewhat different matter from adding interest from the date of taking to the value of the property as part of the compensation, to adding interest to the judgment by which the full amount has already been fixed, from and after its rendition, as damages for delay in payment."

Obviously, this case does not decide the question we have for decision, nor does *Highway Commission v. Privett,* 246 N.C. 501, 99 S.E. 2d 61.

*Miller v. Asheville,* 112 N.C. 759, 16 S.E. 762, was an appeal from an assessment of damages in condemnation proceedings instituted by the City of Asheville for widening a street. The court instructed the jury in part "that they should allow interest upon such sum as they assessed as damages to the property, if they assessed any." The Court held this was proper. See the fifth headnote to this case in our Reports. The State reprint in 1922 of the original volume of our Reports containing this case omits over five pages of the statement of facts, including the court's charge we have quoted.

We are advertent to *Abernathy v. R. R.,* 159 N.C. 340, 74 S.E. 890, and *R. R. v. Manufacturing Co.,* 166 N.C. 168, 82 S.E. 5, L.R.A. 1916A 1079. As to these cases see Annotation 36 A.L.R. 2d p. 435. These two cases did not involve the State's taking of private property for public use, and therefore the 14th Amendment to the United States Constitution, which guarantees against any encroachment by the State on the fundamental rights belonging to every citizen, did not apply, and further, the precise question we are considering was not presented for decision in those two cases.

In the instant case petitioners' property was condemned for public use by respondent, an agency of the State government, who in June 1952 physically dispossessed and ejected petitioners from their property, totally demolished their house, and have been using the property since for highway use. Under the facts of this case to hold that petitioners do not have a strict legal right to have the jury award them some additional sum for the delay in the payment of the value of their property on the taking date as an element of just compensation would plainly violate the fundamental rights guaranteed to petitioners by the 14th Amendment to the United States Constitution, as that amendment has been construed by the United States Supreme Court, and also guaranteed to them by Article I, Section 17, of the North Carolina Constitution, as we have interpreted it. To hold

that petitioners are entitled to recover as a legal right such additional sum for delay in payment as an element of just compensation under the 14th Amendment to the United States Constitution, and to hold that under Article I, Section 17, of the State Constitution such additional sum may be allowed in the discretion of the jury, and not as a matter of legal right, would be a strange holding, and would not benefit respondent.

It is clear that the part of the court's charge set forth above in the first parenthesis, which is challenged by respondent's assignment of error Number 31, is taken in a large part verbatim from the language of the United States Supreme Court in *Seaboard Air Line R. Co. v. United States,* which we have quoted above. The court in this challenged part of the charge after saying in effect the respondent had taken the use of petitioners' property, charged: "So that the petitioners, the owners of the property, are entitled to have the full equivalent of the value of *such use* at the time of the taking, and to have that paid contemporaneously with the taking." The court should have charged that the petitioners are entitled to have the fair market value *of their property* at the time of the taking, etc. Ervin, J., said for the Court in *Highway Commission v. Black, supra:* "Since the condemner acquires the complete right to occupy and use the entire surface of the part of the land covered by the perpetual easement for all time to the exclusion of the landowner, the bare fee remaining in the landowner is, for all practical purposes, of no value, and the value of the perpetual easement acquired by the condemner is virtually the same as the value of the land embraced by it." In charging as it did, the court committed technical error, but it would seem that it was not harmful to respondent. The trial court, however, in the part of its charge set forth above in the second parenthesis, which is challenged by respondent's assignment of error Number 32, committed error prejudicial to respondent, when, after instructing the jury "you should take into consideration, . . . the intervening delay since June 1952, when the petitioners were deprived of their property; you will consider that delay up till this time, that is the time when the award is allowed, and you will affix your award accordingly," it did not go further and instruct the jury as to the rule they should follow to ascertain the additional sum to award the petitioners for the delay in the payment of the value of their property on the taking date. A reading of the charge in its entirety shows that nowhere in it did the trial court give the jury any criterion, rule, method or standard to guide them in this respect.

It is the duty of the trial court of its own motion and without request to instruct the jury correctly as to the proper rule they

should follow to ascertain the additional sum to award the petitioners for the delay in the payment of the fair market value of their property on the taking date, as an element of the just compensation guaranteed to them by the provisions of the United States and the North Carolina Constitutions. G.S. 1-180; *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332; *Wilson v. Wilson,* 190 N.C. 819, 130 S.E. 834; *Brewington v. Loughran,* 183 N.C. 558, 112 S.E. 257; *Cherry v. Upton,* 180 N.C. 1, 103 S.E. 912; *Coles v. Lumber Co.,* 150 N.C. 183, 63 S.E. 736.

In an annotation in 36 A.L.R. 2d pp. 418-420 is given a number of cases which contain express statements to the effect that interest is not awarded as such, but that the equivalent of interest is given as damages for the detention of the compensation. In the same annotation pp. 420-421 is given a list of other cases which contain statements to the effect that something in the nature of interest must be included in the award in order to produce the full equivalent of the value of an award paid contemporaneously with the taking. It would seem that the above distinction is one of words rather than of substance, and that both views in essence mean that the additional sum awarded for delay in payment of the value of the property taken is not interest *eo nomine,* but interest is a fair means for measuring the amount to be arrived at of such additional sum.

Ordinarily, the legal rate of interest, where the condemned property is located, upon the original sum fixed as compensation for the fair market value of the property on the taking date, is considered a fair measure of the amount to compensate the owner for the delay in paying the award, so as to make just compensation. *Miller v. Asheville, supra; Seaboard Air Line R. Co. v. United States, supra; In re New York,* 179 N.Y. 496, 72 N.E. 522; *State v. Deal, supra;* 29 C.J.S., Eminent Domain, p. 1055; Orgel on Valuation under Eminent Domain, Second Ed., Vol. I, p. 27; Annotation 36 A.L.R. 2d p. 436; Jahr, Eminent Domain, Sec. 176. See Nichols on Eminent Domain, Third Ed., Vol. 3, Sec. 8.63 (3).

In the absence of statutory authority, compound interest should not be awarded. 29 C.J.S., Eminent Domain, p. 1056; Nichols, *ibid.*

The North Carolina Constitution contains no provision as to rates of interest. The rate of interest in this State is statutory. *Moore v. Beaman,* 112 N.C. 558, 17 S.E. 676. The legal rate of interest in this State is six per cent. G.S. 24-1.

On the facts before us, we hold as a matter of law that petitioners are entitled to have the jury award them interest at the rate of six per cent from the day of the taking of their property by respondent on whatever sum they may find to be the

fair market value of their property on the taking date, such interest to be deemed an additional sum awarded to petitioners for respondent's delay in payment of their property taken, as an element of the just compensation guaranteed to them by Article I, Section 17, of the North Carolina Constitution, and by the 14th Amendment to the United States Constitution.

For error in the charge, we are required to order a

New trial.